[No. 20406.  In Bank. — September 27, 1888.]

THE PEOPLE, RESPONDENT, v. HENRY FINE, APPELLANT.

| 77 | 147 |
|----|-----|
| 79 | 886 |
| 77 | 147 |
| 100 | 584 |

CRIMINAL LAW — ASSAULT WITH DEADLY WEAPON — INFORMATION — MISNOMER. — When the information charges an assault with a deadly weapon with intent to commit murder, with sufficient certainty, as required by sections 950, 951, and 959 of the Penal Code, the misnomer of the legal appellation of the offense as "murder" is only a defect of form not tending to the prejudice of a substantial right, and cannot be taken advantage of after verdict.

ID. — FLIGHT OF DEFENDANT — EVIDENCE. — The flight of the defendant is a circumstance which the jury may consider in determining his guilt, and the testimony of the sheriff relative to his search for the defendant, after the offense was committed, is admissible as tending to show his flight.

ID. — INSANITY — EVIDENCE — DISCRETION — APPEAL. — The determination of the question as to whether the acquaintance with the defendant of persons who testify as to his sanity was intimate, as required by subdivision 10, section 1870, of the Code of Civil Procedure, is within the discre-

tion of the court below, and the appellate court will not interfere if it does not appear that such discretion was abused.

INSTRUCTIONS. — Instructions which are inapplicable, or which have been already fully given in other parts of the charge, may be properly refused.

APPEAL from a judgment of the Superior Court of Stanislaus County, and from an order refusing a new trial.

The information charged the defendant with "the crime of murder, committed as follows: The said Henry Fine, on the thirteenth day of May, A. D. 1887, at and in the county of Stanislaus, and state of California, and prior to the filing of this information, unlawfully, willfully, premeditatedly, and of his malice aforethought, did make an assault with a deadly weapon, in and upon one Charles M. Wilson, a human being, with intent then and there, him, the said Charles M. Wilson, to kill and murder, contrary to the form of the statute," etc. The defendant set up the plea of insanity as a defense. The verdict of the jury found the defendant guilty of an assault with a deadly weapon. After the trial and before judgment, the defendant made a motion in arrest of judgment on several grounds, among which were the grounds that the facts stated in the information do not constitute a public offense, and that the offense of which the defendant was convicted is not an offense embraced in the information.

*Wright & Hazen, Turner & Maddox,* and *Hatton & Fulkerth,* for Appellant.

*Attorney-General Johnson,* for Respondent.

FOOTE, C.—The defendant was convicted of an assault with a deadly weapon. From the judgment rendered against him, and an order denying a new trial, he has appealed.

The information charged an assault with a deadly

weapon with intent to commit murder, and was sufficient under sections 950, 951, 959, and 960 of the Penal Code. (*People* v. *Monteith*, 73 Cal. 7.)

The testimony of the sheriff relative to his search for the defendant, as tending to show his flight after committing the assault, was properly admitted, because if such flight was proved it was a circumstance which the jury might consider in determining the guilt of the defendant.

The instructions for the defendant, refused by the court, were either inapplicable, or were fully given in other portions of the charge.

It is objected that the court below permitted witnesses to testify as to the sanity of the accused, when, as alleged, they were not his "intimate acquaintances," and were incompetent under subdivision 10, section 1870, of the Code of Civil Procedure. But it does not appear that the court abused the discretion vested in it as to such a matter, hence the appellate court should not interfere. (*People* v. *Pico*, 62 Cal. 53.)

Several other errors are claimed to have been committed, on account of which it is urged that the defendant is entitled to a new trial. After a careful examination of the record, we are unable to perceive any prejudicial error, and advise that the judgment and orders be affirmed.

BELCHER, C. C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and orders are affirmed.