## THE PEOPLE *v.* GONZÁLEZ.

### Appeal from the District Court of San Juan, Section 2.

No. 395.—Decided December 20, 1911.

CRIMINAL LAW—FALSE PERSONATION AND CHEATS—LARCENY—ERRONEOUS CLASSIFICATION OF CRIME BY PROSECUTING ATTORNEY.—If the facts set forth in an information constitute the crime of larceny defined in section 476 of the Penal Code and said facts are erroneously considered by the prosecuting attorney as constituting the crime of false personation and cheats, the information is not fatally defective inasmuch as it is not the prosecuting attorney but the facts themselves which determine the nature of the crime charged.

ID.—VOID VERDICT—CONVICTION FOR CRIME OTHER THAN THAT CHARGED IN INFORMATION.—When the facts alleged in the information constitute the crime of larceny and not that of false personation and cheats, as erroneously considered by the prosecuting attorney, if the jury confine itself to rendering its verdict of guilty of the crime charged such verdict would be a valid one, but inasmuch as it was set forth in the verdict that the defendant was guilty of the crime of false personation and cheats, which is not the crime charged in the information, the verdict is null and void.

ID.—LARCENY—DEFINITION OF LARCENY IN SECTION OF PENAL CODE WHICH IS INCLUDED IN SAME CHAPTER TREATING OF FALSE PERSONATION AND CHEATS.—Although section 476 of the Penal Code defining and punishing the crime of larceny is included in the same chapter which treats of crimes of false

personation and cheats, the crime of larceny will not therefore be considered as false personation and cheats, for the specific title of the section must prevail over the general title within which the former is included.

The facts are stated in the opinion.

Mr. *Manuel F. Rossy* for appellant.

Mr. *Charles E. Foote,* solicitor, for appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This cause originated in the District Court for the Judicial District of San Juan, Section 2, by virtue of an information filed by the prosecuting attorney of said court against Rodolfo González for the crime of false personation and cheats, committed as follows:

"The aforesaid Rodolfo González some time during the early part of the year 1909 and within the Judicial District of San Juan, having given to Arturo Cortada as security for a debt six yokes of oxen, one American mule, a four-wheeled wagon and harness, and two cows (one of them with a calf), all valued at $860, sold the said property without the consent of his creditor, Cortada, and while said security existed, with the intention of defrauding his pledgee."

The accused pleaded not guilty and after a jury trial a verdict of guilty of the crime of false personation and cheats was rendered and the court, after overruling a motion for a new trial on the ground that the verdict was contrary to the law and the evidence, entered a judgment on May 23 last, sentencing Rodolfo González, as guilty of the crime of false personation and cheats, to imprisonment for one year at hard labor and the payment of the costs.

From the order overruling the motion for a new trial and from the judgment of conviction which was rendered counsel for González took an appeal to the Supreme Court.

Both the appellant and the prosecuting attorney request the reversal of the judgment appealed from on the ground that the facts stated in the information constitute the crime of larceny as defined in section 476 of the Penal Code, and that therefore the verdict of the jury finding the defendant

guilty of the crime of false personation and cheats is null and cannot serve as a basis for the judgment appealed from.

It is true that the facts set forth in the information constitute the crime of larceny as defined in section 476 of the Penal Code, which reads as follows:

"Every person who, after pledging as security any real personal property whatever, for a loan or other security, during the existence of said pledge, with the intent to defraud the pledgee, his representatives or assigns, transfers, sells, takes, drives, or carries away or otherwise disposes of or permits the transferring, selling, taking or carrying away or otherwise disposes of said property, or any part thereof, without the written consent of the pledgee, is guilty of larceny and shall be punished accordingly."

The fact that the prosecuting attorney erroneously considered the facts as constituting the crime of false personation and cheats does not matter inasmuch as the crime committed is determined by the facts themselves and not by the classification of the prosecuting attorney. The information, therefore, is not fatally defective if the acts constituting the crime are alleged sufficiently, as they are in the case at bar. The error in the classification does not make the information void. (*People* v. *Phipps,* 39 Cal., 326; *People* v. *Cuddihi,* 54 Cal., 53; *People* v. *Fine,* 77 Cal., 147; *People* v. *Eppinger,* 105 Cal., 36.)

Accepting as we do, the information as substantially good the verdict of the jury would also appear good to us if it had been limited to the expression "guilty" which, in accordance with section 283 of the Code of Criminal Procedure, implies the declaration that the defendant is convicted of the crime with which he is charged in the information. But the jury found the defendant guilty of the crime of false personation and cheats, which is not the crime that the facts stated in the information constitute, as the prosecuting attorney erroneously affirmed, and, therefore, the jury found the defendant guilty of a crime with whose commission he had not been charged, and thus rendered a verdict which did not conform

to the true question at issue. Said verdict, therefore, is null and the sentence based thereon is consequently null.

Section 289 of the Code of Criminal Procedure provides that "* * * no judgment of conviction can be given unless the jury expressly find against the defendant upon the issue."

The crime charged against the defendant is larceny and, therefore, he cannot be punished on a verdict of guilty of false personation and cheats. (*People* v. *Small*, 82 Pac. Rep., 87; *People* v. *Tilley*, 135 Cal., 61.)

It might be argued that section 476 of the Penal Code is comprised in Chapter VIII, Title XVII of said code, which is entitled "False personation and cheats," and not in Chapter V of the same title, entitled "Larceny," and that for this reason the facts stated in the information should be classified as false personation and cheats, although the penalty provided for larceny should be imposed.

To this argument we will answer that in accordance with section 476 of the Penal Code copied above all persons who commit the acts specified in said section shall be guilty of larceny and shall suffer the corresponding penalty, and as the acts with which the defendant González is charged appear among those specified in said section, it is evident that he committed larceny and not false personation and cheats. When the law is clear, as in the present case, it requires no interpretation. The specific title of section 476 must prevail over the general title within which it is comprised.

The verdict of the jury and the consequent judgment being as they are null it is unnecessary to discuss the other ground alleged by the appellant in support of his appeal, to wit, that the verdict is contrary to law and the evidence.

For the foregoing reasons we are of the opinion that the judgment appealed from rendered by the District Court of San Juan, Section 2, on May 23 of the present year should be reversed.

*Reversed.*

Justices MacLeary, Wolf, del Toro, and Aldrey concurred.