# COLECCIÓN

## DE LAS SENTENCIAS Y RESOLUCIONES

### DICTADAS POR EL

# TRIBUNAL SUPREMO DE PUERTO RICO.

---

## EL PUEBLO v. BEHN ET AL.

APELACIÓN procedente de la Corte de Distrito de Guayama.

No. 72.—Resuelto en junio 14, 1907.

ACUSACIÓN—REQUISITOS—CALIFICACIÓN DEL DELITO.—La calificación del delito, ya señalando concretamente el delito impugnado, ó ya indicando en términos generales si es *felony* ó *misdemeanor*, no es requisito que necesariamente deba contener la ·acusación, la que es suficiente si se ajusta á lo dispuesto en los artículos 71 y 82 del Código de Enjuiciamiento Criminal, no siendo necesario, tampoco, que se exprese en ella el artículo ó artículos del Código Penal en que el delito esté comprendido.

ID.—JURISDICCIÓN DE LA CORTE.—La calificación general ó especial del delito, aunque es una práctica muy conveniente que debe observarse por los fiscales de distrito, no es necesaria para determinar la jurisdicción del tribunal, pues ésta debe determinarse, no por dicha calificación, sino por la que realmente merezcan, con arreglo al Código Penal, los hechos relatados en la acusación.

ID.—LUGAR EN QUE SE COMETIÓ EL DELITO.—El lugar donde se cometiera el delito es un requisito que debe contener la acusación, de acuerdo con las disposiciones del artículo 82 del Código de Enjuiciamiento Criminal.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Rossy, Fiscal.*

La parte apelada no compareció.

EL JUEZ ASOCIADO SR. HERNÁNDEZ, emitió la opinión del tribunal.

Con fecha 1°. de diciembre del año próximo pasado, el fiscal de la Corte de Distrito de Guayama presentó ante dicha corte

acusación jurada contra Lucas Behn y Antonio Díaz, en la
que expuso:

"Que la asociación "Unión de Marineros" de Arroyo, Local No.
618, es una asociación mutua, debidamente organizada, habiendo cum-
plido con todos los requisitos legales, y tiene autoridad amplia para
elegir oficiales para su dirección, votar reglamentos para su gobierno
y posee todos los otros poderes y derechos que suelen tener organizacio-
nes de esta índole. —Que bajo las leyes y el reglamento, la susodicha
asociación "Unión de Marineros" Local No. 618, el presidente, tesore-
ro y contador son responsables por los fondos y por el manejo de los
fondos que ingresen en la susodicha asociación.—Que en ó cerca de la
fecha del 15 de agosto de 1905, los acusados Lucas Behn y Antonio
Díaz, fueron elegidos respectivamente presidente y contador de la
asociación referida, y actuaban como tales desde la fecha menciona-
da hasta la de 14 de mayo de 1906.—Que á los acusados les fueron en-
tregados y pagados, y ellos recibieron como los agentes legales y como
oficiales de la susodicha asociación "Unión de Marineros" Local No.
618, todas las cuotas que se debían, según el reglamento de la asocia-
ción referida, durante el período en que actuaban y eran los oficiales
mencionados de la referida asociación; además, á ellos les fueron pa-
gados, y recibieron el producto de varias ventas de la propiedad de
dicha asociación, ordenadas y hechas por la asociación misma, y ade-
más, les fueron entregados y recibieron, al tomar primeramente pose-
sión de sus respectivos cargos, los fondos que se encontraban en el te-
soro de dicha asociación, según los libros de contabilidad de la misma.
Que los susodichos acusados Lucas Behn y Antonio Díaz, teniendo en
su posesión y custodia, como oficiales y agentes de la asociación referi-
da, los fondos arriba mencionados, propiedad de la asociación, ilegal,
voluntaria y fraudulentamente se apropiaron para su uso particular
y personal, sin derecho ni autorización de ley, ni del reglamento de la
asociación, ni del consentimiento expreso ó implícito de los miembros
que componían dicha asociación, la suma de 451 dollars, y aún ilegal,
voluntaria y fraudulentamente retienen en su posesión y poder la suma
mencionada.—Este hecho es contrario á la ley para tal caso prevista
y á la paz y dignidad del Pueblo de Puerto Rico."

Á la acusación transcrita opuso el abogado defensor de
los acusados excepción perentoria, por no ajustarse aquélla
en su forma á los requisitos prevenidos por los artículos 71,
72 y 73 del Código de Enjuiciamiento Criminal, alegando como

reparos que la acusación no expresa el lugar ó distrito en que se cometió el supuesto hecho punible, ni la fecha en que ocurrió, ni la calificación del delito, si es *felony* ó *misdemeanor,* ni si la corporación "Unión de Marineros" de Arroyo está incorporada ó legalmente inscrita en Puerto Rico, por lo que suplicó que tomando en consideración la excepción propuesta, fuera declarada con lugar y se ordenara el archivo de la causa.

La Corte de Guayama dictó en 10 de diciembre citado, resolución que consideramos conveniente transcribir textualmente, y dice así:

"La acusación formulada por el señor fiscal del distrito, ha sido excepcionada por los acusados Lucas Behn y Antonio Díaz, alegando la infracción de los artículos 71, 72 y 73 del Código de Enjuiciamiento Criminal, y examinados separadamente los fundamentos de la excepción resulta lo siguiente: (*a*) No se determina el sitio donde se cometió el delito imputado, ni siquiera se indica que lo ha sido dentro de este distrito judicial. Este es requisito exigido por el artículo 82, no. 4 del Código de Enjuiciamiento Criminal (959 de California), y la jurisprudencia del Tribunal Supremo de California tiene declarado en forma imperativa "que el acta de acusación debe (*must*) alegar que el delito se cometió dentro del Condado en que se presenta ó sostiene la acusación." (*People* v. *O'Neill,* 48 Cal., 257; *People* v. *Baker,* 100 Cal., 188; *People* v. *Wang Wang,* 92 Cal., 277). Aún cuando no existiese ese precepto expreso y esa jurisprudencia tan terminante, se deduciría sin duda alguna la necesidad de precisar el lugar del delito, en virtud de otros preceptos del citado Código. El artículo 2 (681 de California), establece que á nadie podrá castigarse por delito, á no ser en virtud de convicción legal habida en tribunal competente, (*in a court having jurisdiction thereof,* dice el texto de California), y á ese precepto sirve de aclaración terminante el artículo 8 del mismo citado Código, declarando que "la jurisdicción correspondiente á los delitos radica en la corte de distrito del respectivo distrito judicial dentro del cual se cometieren." (*b*) Aunque no se fije la fecha exacta en que se cometió el delito, se deduce del contexto de la acusación que fué cometido entre las fechas del quince de agosto de 1905 al catorce de mayo de 1906, en que los acusados actuaban en el carácter que se les atribuye dentro de la sociedad perjudicada. Esta indicación sería suficiente á los efectos de los artículos 78 (955 Cal.), y 82, No. 5 del Código de

Enjuiciamiento Criminal, si se hubiera expresado en la acusación que se trataba de un *felony,* porque el término de prescripción que se fija en el artículo 78 del Código Penal (800 Cal.), no ha transcurrido. (*c*) No es suficiente la relación de hechos que la acusación contiene para el efecto de determinar el delito que se imputa. Esta determinación del delito se exige en el artículo 75 No. 2 del Código de Enjuiciamiento Criminal (952 Cal.), que en el texto de California se refiere evidentemente á los requisitos de la acusación y nó á las de la orden de arresto, como parece indicarlo el texto español de Puerto Rico á consecuencia de los artículos que en éste se han intercalado. Debe determinarse ó calificarse el delito en la acusación para que el acusado sepa por qué crimen debe contestar; para que el jurado tenga un fundamento precedente á que referir su veredicto de culpable ó nó culpable; para que ante la corte se presente un delito definido al que pueda aplicarse la pena que la ley prescriba; para proteger al acusado de una segunda acusación por el mismo delito. Estas y otras razones expuestas por Bishop (Criminal Proc), Secs. 506 y 507, resultan confirmadas por el texto del artículo 5 del Código Penal en que se declara que: "Ninguna persona será arrestada por crimen ó delito alguno que no estuviere expresamente declarado como tal en este Código * * *" y para cumplir ese precepto nada es más obvio que definir el delito refiriéndose al artículo del Código Penal, en que esté comprendido; tal como lo tienen establecido la práctica constante en este tribunal y en los demás de la Isla. (*d*) No es necesario que la acusación exprese si la corporación que se dice perjudicada estaba ó nó legalmente constituída, pues, el artículo 79 del Código de Enjuiciamiento Criminal (956 Cal.), preceptúa de modo claro que, "una alegación errónea con respecto á la persona perjudicada no es esencial"; y más concretamente se refiere á este caso la jurisprudencia sentada en *People* v. *Ah. Sam.* 41 Cal., 645. Por tanto, vistos los artículos 82, 147, 148, 153, 156, 159 del Código de Enjuiciamiento Criminal, y considerando insuficiente la acusación formulada contra Lucas Behn y Antonio Díaz, se declara con lugar la excepción interpuesta en cuanto se refiere al sitio donde se cometió el hecho, y á la determinación del delito; ordenándose por la corte que el señor fiscal formule nueva acusación dentro del término de quince días, quedando hasta entonces subsistente la fianza que los acusados tienen prestada para permanecer en libertad."

Contra esa resolución de la Corte de Distrito de Guayama, interpuso el fiscal de la misma recurso de apelación, que ha sostenido ante esta Corte Suprema por escrito y oralmente el

fiscal de ella, pretendiendo que se confirme aquella resolución en cuanto declara con lugar la excepción propuesta, por no expresarse en la acusación el lugar donde se cometió el delito, y revocándola en cuanto exige la determinación ó calificación del delito porqué se persigue á los acusados.

Como se vé, la única cuestión legal á discutir y resolver en el presente recurso es la de si es requisito necesario en la acusación la determinación ó calificación del delito, ya expresando si es *felony* ó *misdemeanor,* ya dándole la calificación legal que le corresponda, según el Código Penal, ya marcando la sección de dicho Código en que esté definido y castigado.

Desde luego nos parecen buenas y aceptables las consideraciones que 'el juez de la corte de Guayama consigna en su resolución acerca del punto debatido, simpre que á esas consideraciones no se dé más alcance que establecer la conveniencia de definir y calificar el delito determinado por los hechos relatados en la acusación; y hasta deploramos que haya venido á nosotros un recurso de apelación como el presente, encaminado á discutir y resolver una cuestión que no entraña importancia alguna para los intereses del Pueblo de Puerto Rico. Si el fiscal de la corte de Guayama hubiera consentido la resolución de dicha Corte y hubiera presentado nueva acusación señalando el lugar de la comisión del delito y calificándolo, con arreglo al Código Penal, lo cual era cosa muy fácil, el procedimiento hubiera seguido su curso, sin la paralización á que ha dado lugar la apelación interpuesta, y acaso hoy ya estuvieran juzgados los acusados, reportando con ello un gran beneficio á la administración de justicia.

Pero ya que se ha traído á esta Corte Suprema para resolver la única cuestión legal que es materia del recurso, pasaremos á resolverla dentro de los términos del derecho escrito.

El artículo 71 del Código de Enjuiciamiento Criminal ordena que la acusación debe contener el título de la acción, especificando el nombre del tribunal ante el cual ha sido presentada y los nombres de los interesados, y además, una exposi-

ción de los actos constitutivos del delito, en lenguaje conciso y corriente, y redactada de tal modo que cualquier persona de inteligencia común pueda entenderla.

Dicho artículo no exige que se califique el delito con arreglo al Código Penal, ni que se exprese que es *felony* ó *misdemeanor.*

Es verdad que el artículo 72 del mismo Código contiene un modelo que puede servir de norma á los fiscales para formular sus acusaciones, y en ese modelo se expresa el carácter del delito cometido, ó se le designa como *felony* ó *misdemeanor;* pero como dicho modelo no es obligatorio, es claro que la falta de su observancia no puede ser motivo para que una acusación se considere necesariamente defectuosa, siempre que contenga los requisitos que exige el artículo 71 y los que se deducen del artículo 82, en el cual tampoco se exige que se consigne la calificación del delito.

Basta, con relación al punto que discutimos, que la acción ú omisión considerada como delito esté expuesta clara y distintamente en lenguaje corriente y conciso, sin repetición y de tal modo que facilite á cualquier persona de inteligencia común conocer lo que se quiere decir, y que dicha acción ú omisión esté expresada con tal grado de claridad que facilite al tribunal el pronunciar su sentencia como resultado de una convicción y conforme á derecho.

Cumplidos esos requisitos, la simple lectura de la sección ó secciones correspondientes del Código Penal revelará la calificación del delito y si éste es *felony* ó *misdemeanor.*

Aún más, la falta de expresión de la calificación del delito, bien sea dicha calificación general usando las palabras de *felony* ó *misdemeanor,* bien sea especial dando al delito la denominación que le corresponda, con arreglo al Código Penal y expresando la sección ó secciones de dicho Código en que esté comprendido, sólo sería á lo sumo un defecto ó imperfección de forma, que no perjudicaría en lo esencial los derechos del acusado, y, por tanto, no haría la acusación insuficiente, según el artículo 83 del Código de Enjuiciamiento Criminal.

Ni se alegue que la calificación general ó especial del delito es necesaria para determinar la jurisdicción del tribunal, pues ésta debe determinarse, no por dicha calificación, sino por la que realmente merezcan, con arreglo al Código Penal los hechos relatados en la acusación.

Entendemos, pues, que no es requisito necesario de la acusación que los hechos en ella expuestos se califiquen de *felony* ó *misdemeanor,* ó que esos mismos hechos se califiquen por la denominación que les corresponda con arreglo á la sección ó secciones del Código Penal en que están comprendidos; pero opinamos también que es buena la teoría sostenida por el juez, la que muy bien podría recomendarse á los fiscales para su observancia, sin imponerles por ello la obligación de seguirla.

Por las razones expuestas, procede que dejando subsistente la resolución apelada en los extremos en que no ha sido materia del recurso, se confirme en cuanto declara con lugar la excepción interpuesta por los acusados por no haberse expresado el lugar dónde se cometió el delito, y se revoque en cuanto declara con lugar la misma excepción por falta de calificación del delito, comunicándose así á la Corte inferior á los fines procedentes.

*Resuelto de conformidad.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Figueras, MacLeary y Wolf.