## EL PUEBLO v. GONZÁLEZ.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2ª.

No. 395.—Resuelto en diciembre 20, 1911.

DERECHO PENAL—FALSA REPRESENTACIÓN E IMPOSTURA—HURTO—CALIFICACIÓN FISCAL ERRONEA.—Cuando los hechos alegados por el Fiscal en una acusación determinan el delito de hurto comprendido en el artículo 476 del Código Penal y el Fiscal erróneamente los ha calificado de falsa representación e impostura, la acusación no es por ello fatalmente defectuosa, pues no es el Fiscal, sino los mismos hechos los que determinan la naturaleza del delito imputado.

ID.—VEREDICTO NULO—DECLARACIÓN DE CULPABILIDAD POR UN DELITO DISTINTO DEL IMPUTADO EN LA ACUSACIÓN.—Cuando los hechos alegados en una acusación constituyen el delito de hurto y no el de falsa representación e impostura, como erróneamente los ha calificado el Fiscal, si el jurado en su veredicto de culpabilidad se limitara a declarar al acusado culpable del delito imputándole, tal veredicto sería válido, pero habiéndose especificado en el veredicto que se le declaraba culpable de falsa representación e impostura, que no es el que determinan los hechos consignados en la acusación, el veredicto resulta nulo.

ID.—HURTO—DEFINICIÓN DE HURTO EN UN ARTÍCULO DEL CÓDIGO PENAL COMPRENDIDO EN EL CAPÍTULO DE FALSA REPRESENTACIÓN E IMPOSTURA.—Aun cuando el artículo 476 del Código Penal que define y castiga el delito de hurto esté comprendido en el capítulo que trata de los delitos de falsa

representación e impostura, no por eso ha de calificarse el delito de hurto como falsa representación e impostura, pues la especialidad del artículo tiene que prevalecer sobre la generalidad del título en que aquél está comprendido.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Manuel F. Rossy.*

Abogado del apelado: *Sr. Charles E. Foote, Fiscal.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

La presente causa se originó en la Corte de Distrito del Distrito Judicial de San Juan, Sección 2ª., a virtud de acusación formulada por el Fiscal de dicha corte contra Rodolfo González por delito de falsa representación e impostura, cometido como sigue:

"El citado Rodolfo González, allá en los primeros meses del año 1909, dentro del Distrito Judicial de San Juan, habiendo dado a Don Arturo Cortada en garantía de una deuda, seis yuntas de bueyes, una mula americana, un carro de cuatro ruedas con arneses, y dos vacas, una de ella con su cría, valoradas en ochocientos sesenta dollars, durante la subsistencia de dicha garantía, con intención de defraudar al acreedor garantizado, procedió a su venta sin el consentimiento de su acreedor Sr. Cortada."

Celebrado el juicio ante jurado con alegación de ser inocente el acusado, recayó veredicto declarándolo culpable del delito de falsa representación e impostura, y la corte después de negar moción de nuevo juicio, fundada en que el veredicto era contrario a derecho y a las pruebas, pronunció sentencia en 23 de mayo último, condenando a Rodolfo González como culpable de un delito de falsa representación e impostura, a la pena de un año de presidio con trabajos forzados y las costas.

Contra la orden denegatoria de nuevo juicio y la sentencia condenatoria pronunciada, interpuso la representación de González recurso de apelación para ante esta Corte Suprema.

Tanto la parte apelante como el Fiscal solicitan la revocación de la sentencia apelada, por la razón de que los hechos expuestos en la acusación constituyen el delito de hurto, com-

prendido en el artículo 476 del Código Penal, y por tanto el veredicto del Jurado que declara culpable al acusado de falsa representación e impostura es nulo y no puede servir de base a la sentencia apelada.

Ciertamente que los hechos constitutivos de la acusación determinan el delito de hurto, comprendido en el artículo 476 del Código Penal que dice así:

"Toda persona que habiendo dado en garantía alguna cosa inmueble o mueble, para responder de algún empréstito u otra garantía, y durante la subsistencia de dicha garantía, con intención de defraudar al acreedor garantizado, o a sus representantes o cesionarios, traspasare, vendiere, tomare, sustrajere o dispusiere de dichos bienes o parte de los mismos, sin el consentimiento escrito del acreedor hipotecario, incurrirá en hurto y sufrirá la pena correspondiente."

No importa que el Fiscal haya calificado erróneamente los hechos de delito de falsa representación e impostura, pues aquéllos son los que determinan el delito cometido y nó la calificación Fiscal. La acusación no es por ello fatalmente defectuosa siempre que los actos constitutivos del delito estén alegados suficientemente, como en el presente caso. El error en la calificación no la vicia de nulidad.

*People* v. *Phipps,* 39 Cal., 326.

*People* v. *Cuddihi,* 54 Cal., 53.

*People* v. *Fine,* 77 Cal., 147.

*People* v. *Appinger,* 105 Cal., 36.

Aceptando como aceptamos como buena sustancialmente la acusación, bueno nos parecería también el veredicto del jurado si éste se hubiera limitado a la expresión "culpable" lo que implica la declaración de estar el acusado convicto del delito imputádole en la acusación, según el artículo 283 del Código de Enjuiciamiento Criminal. Pero el jurado declaró al acusado culpable del delito de falsa representación e impostura, que no era el determinado por los hechos expuestos en la acusación, según erróneamente afirmó el Fiscal, y por tanto el jurado declaró culpable al acusado de un delito que no le había sido imputado, pronunciando así un veredicto que no

responde a la verdadera cuestión litigiosa planteada, y que por tanto es nulo, como nula tiene que ser en su consecuencia la sentencia en él fundada.

El artículo 289 del Código de Enjuiciamiento Criminal, en su segundo apartado, dice que no se podía dictar fallo condenatorio, sin que el jurado expresamente declare convicto al reo del delito imputádole.

El delito imputado al apelante ha sido el de hurto, y por tanto no ha podido ser castigado habiéndolo declarado el jurado culpable de falsa representación e impostura.

*People* v. *Small,* 82 Pac. Rep., 87.

*People* v. *Tilley,* 135 Cal., 61.

Podría argüirse de contrario que el artículo 476 del Código Penal está comprendido en el capítulo 8º. del título 17 de dicho Código que lleva por epígrafe ''Falsa representación e impostura,'' y nó en el capítulo 5º. del mismo título que lleva por epígrafe ''Hurto,'' y que por tanto los hechos expuestos en la acusación merecen calificarse de falsa representación e impostura, por más que deba imponérseles la pena correspondiente al delito de hurto.

A semejante argumentación contestaremos que según el artículo 476 ya transcrito del Código Penal, incurrirá en hurto y sufrirá la pena correspondiente toda persona que ejecute los hechos relacionados en dicho artículo, y como entre esos hechos figuran los imputados al acusado González, es claro que ha incurrido en hurto y no en falsa representación e impostura. Cuando la ley es clara, como en el presente caso, no necesita interpretación. La especialidad del artículo 476 tiene que prevalecer sobre la generalidad del título en que aquél está comprendido.

Siendo nulos como son el veredicto del Jurado y la sentencia que le siguió, se hace innecesario discutir el otro fundamento alegado por la parte apelante para sostener su recurso, o sea que el veredicto es contrario a derecho y a las pruebas.

Por las razones expuestas entendemos que procede la re-

vocación de la sentencia apelada que dictó la Corte de Distrito de San Juan, Sección 2ª., en 23 de mayo del corriente año.

*Revocada.*

Jueces concurrentes: Sres Asociados MacLeary, Wolf, del Toro y Aldrey.