## El Pueblo *v.* Zambrana.

Apelación procedente de la Corte de Distrito de San. Juan, Sección 2ª.

No. 444.—Resuelto en junio 28, 1912.

Derecho Penal—Acometimiento y Agresión con Circunstancias Agravantes— Denuncia Defectuosa.—Una denuncia por acometimiento y agresión con circunstancias agravantes en la cual se omite alegar que el agresor era un varón adulto y la parte agredida una mujer, es defectuosa y no puede servir de fundamento a una sentencia condenatoria por acometimiento y agresión con circunstancias agravantes; pero dicha denuncia es suficiente para imputar el delito de acometimiento simple.

Id.—Calificación del Delito—Interpretación de la Denuncia.—Lo que determina la naturaleza del delito imputado en una denuncia, no es el nombre que se le da en la misma sino los hechos alegados en ella.

Id.—Excepciones Previas Contra la Denuncia—Alegaciones Superfluas.— Cuando los hechos constitutivos del delito de acometimiento y agresión con circunstancias agravantes, no han sido bien alegados en la denuncia, y por ese motivo ha sido ésta excepcionada, el tribunal puede declarar sin lugar la excepción previa, y estimar como superfluos los hechos mal alegados y considerar la denuncia suficiente para los efectos de un delito de acometimiento y agresión simples.

Id.—Prueba Testifical—Eliminación de Parte de Ella.—Una moción para eliminar parte de la declaración de un testigo, sin especificar la parte impugnada, debe ser denegada por ese fundamento.

Id.—Prueba Testifical—Moción de Eliminación—Admisión de la Prueba sin Protesta.—La moción para eliminar parte de la declaración de un testigo, hecha después de haber sido admitida su declaración sin objeción alguna, debe ser declarada sin lugar por estar fuera de tiempo.

Id.—Apelación—Errores Sin Importancia.—La admisión o exclusión de prueba, que no ha de afectar el resultado de un juicio, constituye un error sin importancia y no debe ser considerada por este tribunal en apelación.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Celestino Iriarte, Jr.*

Abogado del apelado: *Sr. Charles E. Foote, Fiscal.*

El Juez Asociado Sr. MacLeary, emitió la opinión del tribunal.

Este caso se originó en la corte municipal de San Juan. La denuncia imputa un delito de acometimiento y agresión con circunstancias agravantes, fué presentada el día 26 de diciembre de 1911, y es substancialmente como sigue:

"Corte Municipal de San Juan, P. R.   Estados Unidos de América.
El Presidente de los Estados Unidos.   ss:  *El Pueblo de Puerto Rico*
v. *Emilio Zambrana.*   Yo, Amadeo Barreto, Corporal P. I., vecino
de San Juan, calle de San Francisco núm. 60, de 38 años, formulo
denuncia contra el indicado Zambrana, por delito de ·acometimiento
y agresión con circunstancias agravantes, cometido de la manera si-
guiente: Que en 25 de diciembre, 1911, a la 1 a. m. y en la calle Luna
No. 110 del Distrito Judicial Municipal de San Juan, el acusado, vo-
luntaria y maliciosamente, acometió y agredió con una botella, a
María Laureano, causándole varias heridas y contusiones, según se
describen en el parte facultativo que se acompaña.   Cuyo hecho es
contrario a la forma, eficacia y propósitos de la ley para tal caso hecha
y prevista y contra la Paz y dignidad de El Pueblo. de Puerto Rico.''

Habiéndose dictado sentencia contra el acusado en la corte
municipal, interpuso éste apelación a la corte de distrito en
donde se celebró un nuevo juicio y fué condenado a pagar
una multa de $50 y pago de las costas y en defecto de pago,
a un día de cárcel por cada dollar de multa que dejara de
satisfacer.   Contra esta sentencia que fué dictada en 1 de
marzo del corriente año, interpuso apelación para ante este
tribunal, quedando el caso sometido a nuestra consideración
por los autos que han sido remitidos, en los que aparece una
exposición del caso que contiene toda la prueba que se pre-
sentó en el juicio y un pliego de excepciones que fueron toma-
das durante el mismo.   También presentó el acusado un in-
forme en la vista de esta causa, que tuvo lugar el día 4 del
corriente mes.

Tres errores señala el apelante en su alegato como fun-
damento para la revocación de la sentencia apelada, los que
son substancialmente como sigue:

Primero. La corte cometió error al desestimar la excep-
ción perentoria que se formuló a la denuncia.

Segundo. La corte cometió error al negar la moción so-
bre eliminación de cierta parte de la declaración del testigo
Barreto.

Tercero. La corte cometió error al negar la moción en

que se solicitaba la absolución del acusado por falta de prueba.

I. La excepción perentoria que se formuló a la denuncia consiste en que los hechos contenidos en la misma no constituyen el delito de acometimiento y agresión con circunstancias agravantes, puesto que en ella no se alega que el agresor sea un varón adulto y la persona perjudicada una mujer. En cuanto a este particular la denuncia es defectuosa y no puede fundarse en ella una sentencia por acometimiento y agresión con circunstancias agravantes; pero ella es suficiente para probar un caso de simple acometimiento, y si la sentencia fué correcta en cuanto a los demás extremos, puede modificarse en este sentido. No es el nombre dado al delito en la denuncia sino los hechos alegados en la misma, los que determinan el delito que se imputa al acusado. (*El Pueblo* v. *González,* 17 D. P. R.,1186 y también el caso de *El Pueblo* v. *Massó,* resuelto por este tribunal en 18 del corriente.)

No puede haber duda alguna de que los hechos alegados en la denuncia constituyeron el delito de acometimiento y agresión simple, puesto que se expresó un delito prohibido por la ley y la corte sentenciadora no cometió error alguno al desestimar la excepción. Cuando los hechos que constituyen las circunstancias agravantes no se alegan debidamente en la denuncia que se presente por acometimiento y agresión grave, tales hechos pueden rechazarse por ser superfluos y declararse que la denuncia es suficiente para probar un delito de acometimiento y agresión simple. *El Pueblo* v. *Olivieri,* 13 D. P. R., 283; *El Pueblo* v. *Vilches,* 12 D. P. R., 195; art. 81 del Código de Enjuiciamiento Criminal; *People* v. *Martin,* 47 Cal., 112.)

II. La moción que fué presentada para eliminar la declaración del testigo Barreto fué debidamente negada. Casi todo el contenido de dicha declaración era parte de la *res gestae.* La moción sobre eliminación de esta declaración era muy vaga y no expresaba qué parte determinada de dicha declaración era la que se impugnaba, y no siendo dicha mo-

ción suficientemente específica fué debidamente desestimada
por este motivo. (Véase el caso de *Kelley* v. *The People,*
29 Pac. Rep., 805; *Higinbetham* v. *State,* 89 Am. State Rep.,
237.) Además, la moción para eliminar está fuera de tiempo
después que la prueba se ha presentado sin hacerse objeción a
ella por el acusado. Hemos resuelto esto en otro caso reciente
el día 11 del presente mes, o sea en el de *El Pueblo* v. *Massó,*
en cuyo caso hacemos referencia al de *People* v. *Long,* 43
Cal., 444, y a otros más. Además, la única parte de la decla-
ración del testigo Barreto que podía ser impugnada por ser
de referencia fué la contestación a la última pregunta y la
admisión o denegación de ésta no hubiera afectado al resul-
tado del juicio; por tanto, fué un error que no perjudicaba,
si es que constituyó un error, y no debe ser tomado en con-
sideración en esta apelación. (*El Pueblo* v. *San Miguel,* 5
P. R. R., 362; *El Pueblo* v. *Aybar,* 7 D. P. R., 532; *El Pueblo*
v. *Milán,* 7 D. P. R., 455; *El Pueblo* v. *Calero,* resuelto en
febrero 12, 1912; Código de Enjuiciamiento Criminal, art.
362; Leyes de la Sesión de 1905, p. 10.)

III. El tercer error alegado se refiere a la falta de prueba
para fundar en ella una sentencia condenatoria, y carece de
fundamento. La cuestión referente a si la botella fué el ins-
trumento que se empleó en la pelea es inmaterial, pues el
mero hecho de haber empujado a la mujer haciéndola caer
sobre la máquina de coser, causándole de este modo las heri-
das y golpes que indudablemente recibió, fué suficiente para
constituir el delito imputado al acusado y del cual fué decla-
rado culpable. Esta cuestión de la botella parece ser el fun-
damento de la moción de sobreseimiento. Hemos conside-
rado cuidadosamente toda la prueba, y aunque ésta es contra-
dictoria en algunos detalles, sin embargo, es suficiente para
fundar en la misma la sentencia que se dictó.

Por las razones expresadas en esta opinión, no se consi-
deran válidos ningunos de los errores que han sido especifi-
cados, pero debe modificarse la sentencia apelada, decla-
rando al acusado culpable del delito de acometimiento y agre-

sión simple, e imponiéndole la multa de 25 dollars, y en defecto de pago de dicha suma un día de cárcel por cada dollar que deje de satisfacer, con las costas a su cargo.

*Resuelto de conformidad.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.