EL PUEBLO, DEMANDANTE Y APELADO *v.* RAMOS, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2ª., en causa por delito de acometimiento y agresión con circunstancias agravantes.

No. 859.—Resuelto en julio 8, 1915.

ACOMETIMIENTO Y AGRESIÓN CON CIRCUNSTANCIAS AGRAVANTES—ACUSACIÓN INSUFICIENTE.—Es insuficiente una acusación por delito de acometimiento y agresión con circunstancias agravantes cuando en ella no se especifica alguna

de las circunstancias enumeradas en el artículo 6°. de la Ley de 10 de marzo
de 1904. Véase *El Pueblo* v. *Marini*, 22 D. P. R., 11.

ELEMENTOS ESENCIALES DEL DELITO.—Cuando en una acusación por delito de
acometimiento y agresión con circunstancias agravantes falta la expresión
de elementos suficientes para integrar cualquiera de las circunstancias del
mismo, ésta es esencialmente defectuosa.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Tizol & Campillo.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del
tribunal.

Ante la Corte de Distrito de San Juan, Sección 2ª., el Fis-
cal de dicha corte presentó acusación en 3 de diciembre de
1914 contra Manuel Ramos por delito de acometimiento y
agresión con circunstancias agravantes, cometido como sigue:

"El citado Manuel Ramos, allá el día 5 de noviembre de 1914,
en la jurisdicción de Toa Baja que forma parte del distrito judicial
de San Juan, ilegal, voluntaria y maliciosamente y con intención de
causarle grave daño corporal, acometió y agredió a Juan Rivera,
infiriéndole varias heridas."

Celebrado el juicio, la expresada corte, sección 2ª., dictó
sentencia en 3 de febrero del corriente año, declarando al
acusado culpable de acometimiento y agresión grave, e impo-
niéndole la pena de diez meses de cárcel, contra cuya senten-
tencia interpuso recurso de apelación para ante esta Corte
Suprema.

El apelante solicita la revocación de la sentencia apelada
y su absolución, alegando como motivos del recurso: *Primero.*
Que los hechos relatados en la acusación no son constitu-
tivos de un delito de acometimiento y agresión con circuns-
tancias agravantes; y *segundo,* que la sentencia es contraria
a la prueba, por cuanto si bien se probó que el acusado infi-
rió algunas heridas al Rivera, fueron éstas causadas en legí-
tima defensa.

El Fiscal admite que la denuncia, tal como está redactada,
no imputa un delito de agresión con circunstancias agra-

vantes, toda vez que en ella no se especifica ninguna de las circunstancias que taxativamente enumera el artículo 6°. de la ley de 10 de marzo de 1904, pero niega que la sentencia sea contraria a la prueba, y solicita que la causa sea devuelta a la corte inferior para que el acusado sea juzgado por un delito de acometimiento y agresión.

Invoca el apelante en su defensa la doctrina establecida por esta corte en el caso de *El Pueblo* v. *Marini,* resuelto en 19 de enero de 1915.

Entonces dijimos:

"Hemos resuelto generalmente que no será preciso que en la presentación de una denuncia se exijan todos los requisitos que son necesarios a una acusación, si bien existen excepciones. Cuando en un estatuto se enumeran en lenguaje claro e inequívoco los hechos por virtud de los cuales un acometimiento simple puede convertirse en grave, deberán éstos ser claramente expresados en la denuncia. No deben los mismos quedar sujetos a inferencias o deducciones. La Ley de marzo 10, 1904 (Leyes de la sesión de 1904, pág. 42) señala diez casos separados y distintos en los cuales un acometimiento simple se convierte en grave, y para que un acusado pueda ser declarado culpable de un delito de acometimiento y agresión con circunstancias agravantes, deberá acusársele específicamente de haber incurrido en alguno de dichos casos, especialmente cuando la pena se aumenta del máximum de $50 en los casos de acometimiento y agresión simple a una multa máxima de $1,000, o dos años de cárcel, por acometimiento y agresión con circunstancias agravantes."

De los diez casos que la sección 6ª. de la Ley de marzo 10, 1904, especifica como determinantes de circunstancias agravantes, sólo dos o scan el 7°. y el 9°. pueden ser atinentes a la acusación presentada contra Ramos, pues ésta claramente no está comprendida en los demás.

Las circunstancias comprendidas en los casos 7°. y 9° de la sección 6ª. de la ley ya citada, como agravantes del delito de acometimiento y agresión, son, según el texto español de la ley, las siguientes:

"7. Cuando se infiere una herida grave a la persona agredida."

"9. Cuando se cometiere (el delito) con intención premeditada para el fin calculado de inferir graves heridas corporales."

El texto Inglés dice así:

"*7. When a serious bodily injury is inflicted upon the person assaulted.*"

"*9. When committed with premeditated design, and by the use of means calculated to inflict great bodily injury.*"

A dicho texto inglés corresponde la siguiente traducción literal:

"7. Cuando se infiere un grave daño corporal a la persona agredida."

"9. Cuando se comete (el delito) con intención premeditada, y con el empleo de medios calculados para inferir grave daño corporal."

Ninguna de esas dos circunstancias se especifica en la acusación. En ésta no se alega que se ha inferido una herida grave a Juan Rivera, ni que se le haya causado grave daño corporal, ni que haya sido agredido con designio premeditado, ni que se haya empleado medio alguno tendente a causarle grave daño corporal.

No basta la intención de herir gravemente o de causar grave daño corporal. Pudo haber intención por parte del acusado de herir gravemente a Rivera o de causarle grave daño corporal, pero no es lo mismo la intención que el hecho o acto de inferir una herida grave o de causar grave daño corporal.

Falta la expresión de elementos suficientes para integrar cualquiera de las dos circunstancias apuntadas.

El acusado no tuvo conocimiento de la clase de delito de acometimiento y agresión con circunstancias agravantes, de que era acusado, y por tanto la acusación era sustancialmente defectuosa.

Siendo ello así, huelga discutir el segundo fundamento del recurso.

La sentencia debe revocarse por ser la acusación esencialmente defectuosa, y devolverse el caso al juez para la celebra-

ción de un nuevo juicio y demás procedimientos que no sean incompatibles con esta opinión.

> *Revocada la sentencia apelada ordenándose la celebración de un nuevo juicio.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.