El Pueblo de Puerto Rico, demandante y apelado, *v.* José Méndez, acusado y apelante.

No. 5006.—*Sometido:* Febrero 15, 1933. *Resuelto:* Marzo 10, 1933.

El acusado compareció por escrito; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

José Méndez fué declarado culpable de un delito de acometimiento y agresión y condenado a sufrir quince días de cárcel por la Corte de Distrito de Arecibo. No conforme el acusado con esta sentencia, interpuso el presente recurso de apelación.

Se alega que la corte cometió error al condenar al apelante a cumplir quince días de cárcel, (A) porque la sentencia así dictada es contraria a lo dispuesto en la sección quinta de la ley de marzo de 1904 derogando el artículo 237 del Código Penal, (B) porque de acuerdo con la expresada sentencia, la

corte no siguió la ley del estatuto y por el contrario dictó una sentencia en contravención a lo dispuesto en la ley, y (C) porque si la corte no calificó el delito de grave, la sentencia que necesariamente debía dictarse, de acuerdo con la ley, había de ser multa y no expresamente cárcel por un período determinado de días.

Los tres errores que anteceden envuelven una misma cuestión. Se alega que la corte permitió una sentencia de quince días de cárcel cuando debió haberse limitado a imponer una multa y que siendo dicha sentencia contraria a la ley, debe absolverse al acusado.

 Es cierto que la sección quinta de la ley para castigar acometimiento, acometimiento y agresión, etc., expresa que el castigo del acometimiento o de acometimiento y agresión que no apareje circunstancias agravantes consistirá en multa que no bajará de un dólar ni excederá de $50.

En este caso se formuló denuncia contra José Méndez por un delito de acometimiento y agresión cometido de la manera siguiente: "que en 18 de abril de 1932, y en el barrio de Florida Afuera, de Barceloneta, Puerto Rico, del distrito judicial municipal de Manatí, que forma parte del distrito judicial de Arecibo, el acusado José Méndez, allí y entonces, de una manera ilegal, voluntaria y maliciosamente, y con la intención criminal de infligir daño violento en la persona de un semejante, con la intención de causarle daño corporal violentamente, con una navaja barbera acometió y agredió al semejante Esteban Ortiz, causándole una herida en la oreja derecha y otra en el brazo izquierdo."

Es verdad que en la denuncia se califica el delito únicamente de acometimiento y agresión, sin alegar expresamente que el delito se ha cometido con circunstancias agravantes; pero no es menos cierto que la expresada denuncia contiene hechos bastantes de los cuales puede deducirse claramente las circunstancias agravantes determinadas en los incisos octavo y noveno de la sección sexta de la ley sobre acometimiento y agresión. La agresión en este caso fué producida

con una navaja barbera que es un arma mortífera de acuerdo con la jurisprudencia sentada por este tribunal, puesto que con ella puede producirse grave daño corporal y hasta la muerte. *El Pueblo* v. *Rivas,* 16 D.P.R. 611, *El Pueblo* v. *Oriol,* 27 D.P.R. 208, y *El Pueblo* v. *Chardón,* ante, pág. 529. El acusado José Méndez no usó el arma para los fines a que está destinada una navaja barbera, sino para realizar un acto ilegal, al acometer y agredir al individuo Esteban Ortiz.

La denuncia, a nuestro juicio, alega hechos bastantes para constituir, un delito de acometimiento y agresión grave, y si la corte inferior, como lo expresa en su sentencia, condenó al acusado por el delito de acometimiento y agresión de que se le acusa, indudablemente que lo condenó por un delito de acometimiento y agresión con circunstancias agravantes.

Los incisos octavo y noveno del artículo sexto de la ley antes citada, dicen que existe la circunstancia agravante cuando el acometimiento y agresión se cometiere con armas mortíferas en circunstancias que no revistiesen la intención de matar o mutilar, y cuando se cometiere con intención premeditada y para el fin calculado de inferir graves heridas corporales.

En el caso de *El Pueblo* v. *Varela,* 25 D.P.R. 395, se imputó al acusado un delito de acometimiento. Fué declarado culpable por la corte inferior de un delito de acometimiento con circunstancias agravantes. En ese caso esta corte dijo:

". . . el verdadero hecho que se imputa al acusado consta claramente descrito en el cuerpo de la denuncia y es constitutivo de un delito de acometimiento con circunstancias agravantes, de acuerdo con la ley vigente."

Véanse los casos de *El Pueblo* v. *González,* 17 D.P.R. 1186, *El Pueblo* v. *Sánchez,* 16 D.P.R. 718, *El Pueblo* v. *Zambrana,* 18 D.P.R. 758, y *El Pueblo* v. *Haddock,* 43 D.P.R. 752.

La ley en vigor en el estado de Tejas sobre acometimiento y agresión contiene todas las disposiciones de la ley vigente en Puerto Rico, con algunas variantes. El artículo 6 de

nuestra ley, que determina cuándo el acometimiento y agresión se considerará con circunstancias agravantes, es idéntico al artículo 601 del Código Penal de Tejas.

En el caso de *Meier* v. *State,* 10 Tex. A. 39, no se calificó el delito de acometimiento y agresión grave, pero se alegaron en la acusación hechos que constituían un acometimiento y agresión con circunstancias agravantes. La Corte de apelaciones del estado de Tejas hace una revisión de las decisiones anteriores del tribunal, sostiene que no es necesario que las palabras "acometimiento y agresión graves" sean específicamente empleadas, y opina que el acusado queda mejor informado del cargo de que tiene que defenderse cuando la acusación contiene las circunstancias que determinan la agravante, que cuando simplemente se usa el lenguaje de que se cometió el delito con circunstancias agravantes, sin establecer las circunstancias que constituyen la agravante que se intenta probar.

De la opinión emitida en este caso copiamos lo siguiente:

"Estos casos, por el contrario, resuelven lo que creemos es la verdadera doctrina, que es tanto aplicable a nuestro actual código como al que estaba en vigor cuando se fallaron estos casos; es decir, que en uno u otro caso debe imputarse un acometimiento en términos expresos, pero si se tiene la intención de perseguir un acometimiento grave, las circunstancias agravantes deben también alegarse; lo que a nuestro juicio es la adecuada aplicación del principio de que se hace uso en The State v. Pierce, al efecto de que una persona no debe ser castigada por acometimiento grave a virtud de una acusación que no alega por sus propios términos un acometimiento grave. Alegar específicamente las circunstancias agravantes sería hacerlo en términos aun de mayor certeza, e informaría con mucha mayor claridad al acusado respecto al cargo de que ha de defenderse, que si meramente se empleara la fraseología de que él perpetró un *acometimiento grave,* sin exponer las circunstancias constitutivas del agravante que se intente probar. Atribuyendo este significado a la fraseología usada en cada uno de estos casos—lo que parece ser justo y legítimo—se verá que estos casos armonizan con otras autoridades, y sostienen, más bien que rechazan, los puntos de vista que tenemos sobre la cuestión que estamos considerando; y son, que en una acusación por acometi-

miento grave no es necesario ni requisito de ley caracterizar el delito en tales o cuales palabras como un 'acometimiento grave', sino que, a fin de que el acusado se entere de lo que tendría que afrontar durante el juicio, es preciso y se requiere alegar las circunstancias agravantes para que se pueda sostener una condena por acometimiento grave o por acometimiento y agresión con circunstancias agravantes.

"Es necesario que no haya duda, o confusión, o falta de uniformidad, en la práctica. El código define el acometimiento y los acometimientos y agresiones en términos claros. También declara las circunstancias bajo las cuales un acometimiento o un acometimiento y agresión se agravan. No define el acometimiento grave o el acometimiento y agresión grave, pero sí fija las circunstancias que convertirán en grave un acometimiento o un acometimiento y agresión, y de ese modo indica, a nuestro juicio palmariamente, el curso a seguir por el fiscal al preparar la acusación en un caso de acometimiento grave o de acometimiento y agresión con circunstancias agravantes— es decir, imputar primero el acometimiento con todos los particulares precisos en cuanto a tiempo, lugar y circunstancias, y agregar a ello, no necesariamente en un segundo cargo, sino en el mismo, la circunstancia agravante en que se propone fundarse el fiscal para solicitar una convicción por la modalidad más alta del delito; o sea, *alguna* de las circunstancias bajo las cuales un acometimiento o una agresión se agravan, tal como están enumeradas en los incisos 1 al 10, inclusive, en el artículo 496 (hoy 601) del Código Penal.

"La acusación en el presente caso llena todos los requisitos de las reglas anteriormente enunciadas. Imputa un acometimiento y alega el tiempo y el sitio de su comisión, así como el nombre de la persona acometida. No alega que fué perpetrado con un arma mortífera, pero sí que por el uso de los medios empleados se infligió grave daño corporal; lo que coloca el delito bajo el inciso 7 del artículo 496 (hoy 601) del Código Penal. Somos de opinión de que la acusación es suficiente para sostener una condena por acometimiento y agresión grave, y que la corte inferior no erró al declarar sin lugar la moción para que no se dictara la sentencia."

Como ya dijimos antes, la corte declara culpable al acusado del delito de acometimiento y agresión de que se le acusa. Se incorporaron en la denuncia hechos bastantes para constituir un delito de acometimiento y agresión grave. El acusado fué, por lo tanto, declarado culpable del delito de acometimiento y agresión con circunstancias agravantes.

de que fué acusado. No cabe argüir en favor del acusado el error de la corte al condenarlo a quince días de cárcel, cuando el mínimum a que puede condenarse a una persona culpable de acometimiento y agresión grave es un mes. La imposición de una pena menor que la prescrita por la ley favorece al acusado y no es motivo que justifique la revocación de la sentencia.

En el caso de *El Pueblo* v. *Llauger,* 14 D.P.R. 548, esta corte dijo lo siguiente:

"La imposición de un término de prisión más breve que el autorizado por la ley, no justificará la revocación de una sentencia condenatoria con motivo de una apelación interpuesta por el acusado."

En el caso de *People* v. *Oliver,* 95 Pac. 172, 173, la Corte Suprema de California se expresó en los siguientes términos:

"El primer punto suscitado en apelación es que la sentencia impuesta (siete años) es menor que el período de tiempo mínimo provisto por el estatuto (Código Penal 666) para los casos en que la convicción sea por hurto mayor con posterioridad a una convicción por escalamiento (diez años) y que por ende es nula. Según dijimos en el caso de In re Reed, 143 Cal. 634, 77 Pac. 660, 101 Am. St. Rep. 138, tal sentencia no es nula. Cae dentro de las disposiciones del estatuto y no fuera de ellas. Ex parte Soto, 88 Cal. 629, 26 Pac. 530. Aun cuando la sentencia impuesta exceda del máximum fijado por el estatuto, ella es meramente errónea y si es revocada por este motivo, la corte de apelaciones devolverá la causa con instrucciones de que se proceda a dictar sentencia de conformidad con el veredicto. People v. Riley, 48 Cal. 549. La aplicación de tal regla al caso ante nos tendría por resultado el imponer una pena al acusado por haber apelado de una actuación de la corte sentenciadora. Este no es el espíritu de la ley, sino que cuando un acusado se queja de la comisión de un error en su propio favor, el mismo no será corregido en su detrimento. Por ejemplo, en un caso en que se anuló un veredicto y la corte sentenciadora concedió un nuevo juicio fundada en que el veredicto fué demasiado favorable al acusado, la Corte Suprema revocó tal resolución y ordenó a la corte sentenciadora que procediera a dictar sentencia en armonía con el veredicto traído. People v. Muhlner, 115 Cal. 303, 43 Pac. 128. La corte aplicó a dicho caso simplemente la regla de que no siendo perjudicial al acusado el error cometido, éste no puede quejarse de que el caso fuera resuelto más

favorablemente a él de lo que justificaba la prueba. People v. Barnhart, 59 Cal. 381; People v. Maroney, 109 Cal. 279, 41 Pac. 1097; Pen. Code, 1404.''

*Debe confirmarse la sentencia apelada.*