El Pueblo de Puerto Rico, demandante y apelado, *v.* Antonio Beltrán Benítez, acusado y apelante.

Núm. 10782.—*Sometido:* Marzo 19, 1945. *Resuelto:* Abril 27, 1945.

*Francisco García Quiñones,* abogado del apelante; *R. A. Gómez, Fiscal del Tribunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

■■ El apelante fué sentenciado por un delito de mutilación. En el recurso que interpuso para ante este Tribunal no elevó la transcripción de la evidencia, pero el día señalado para la vista presentó una excepción previa basada en que la acusación no aduce hechos constitutivos del delito de mutilación. La cuestión, pues, a resolver es si la acusación imputa el delito de mutilación definido en el art. 212 del Código Penal (ed. 1937), a saber:

"Toda persona que ilegal y maliciosamente privare a algún ser humano de un miembro de su cuerpo, o lo mutilare, desfigurare o inutilizare, o le cortare o mutilare la lengua, sacare un ojo, sajare la nariz, oreja o labio, será reo del delito de mutilación."

Con arreglo a este artículo, el delito consiste en ilegal y maliciosamente (*a*) privar a un ser humano de un miembro de su cuerpo; o (*b*) mutilar, desfigurar o inutilizar dicho miembro, o (*c*) cortarle o mutilarle la lengua, sacarle un ojo o sajarle la nariz, oreja o labio. En el presente caso la acusación imputa al apelante que "ilegal, voluntaria y maliciosamente y con intención criminal de mutilar, acometió y agredió con un instrumento cortante al ser humano Carmen Julia Malavé, infiriéndole una herida incisa en el

lado izquierdo de la cara, desfigurándole el rostro y muti-
lándola permanentemente.''

Bajo la ley común, el delito de mutilación estaba limitado
a lesiones que afectaban los miembros del cuerpo que se usa-
ban para combatir, ya fuere para atacar o para defenderse.
El motivo por el cual se consideraba delito era, como decía
Blackstone, porque la mutilación tendía a privar al rey de
la ayuda y cooperación de sus súbditos, o como decía Lord
Coke, porque los miembros de los súbditos estaban bajo la
protección de la ley a fin de que pudieran servir al rey y a
su patria cuando la ocasión lo demandara. *Mayhem as de-
pendent on part of body injured and extent of injury,* 16
A.L.R. 955; 1 Wharton's *Criminal Law* (12a. ed.), sec. 767,
págs. 1048 *et seq.*

Por la frase ''un miembro de su cuerpo'' se entiende las
extremidades, *State* v. *District Court,* 173 N. W. 857 (Minn.
1919), pero como la herida en el presente caso fué inferida
en un lado del rostro—no en la lengua, el ojo, la nariz, la
oreja o el labio—y no en un miembro del cuerpo, aunque el
rostro quede desfigurado no se comete el delito de mutila-
ción. Véanse los casos acopiados en el subtítulo IV(*a*),
*Head,* de la Monografía antes citada, pág. 962.

Resultando de la faz de la acusación en el presente caso
que el apelante no privó a la perjudicada de un miembro de
su cuerpo, ni se lo mutiló, desfiguró o inutilizó, ni le mutiló
ninguno de los órganos que específicamente se mencionan en
el artículo 212, tenemos que concluir que no se cometió el
delito de mutilación.

El caso de *El Pueblo* v. *Concepción,* 30 D.P.R. 479 (1922),
en tanto en cuanto del mismo se infiere que este Tribunal
sostuvo que una herida en el lado derecho de la cara puede
constituir el delito de mutilación, es erróneo y por consi-
guiente debe considerarse revocado.

*Procede por lo expuesto revocar la sentencia apelada y
absolver al acusado.*