EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JUAN DÍAZ CRUZ, acusado y apelante.

Núm. 11352.—*Sometido:* Marzo 12, 1946. *Resuelto:* Mayo 27, 1946.

*César Andréu Ribas,* abogado del apelante; *Hon. Procurador General E. Campos del Toro, Luis Negrón Fernández, Primer Procurador General Auxiliar,* y *J. Correa Suárez, Fiscal Auxiliar del Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA emitió la opinión del tribunal.

Se acusó al apelante de haber herido maliciosamente a una mujer, desfigurándole el rostro. Según el título, la acusación era por el delito de mutilación. Luego de insaculado el jurado para entender en el juicio, el fiscal anunció que habría de sostener la acusación como una de acometimiento y agresión grave en vez de mutilación, en vista de la jurisprudencia al efecto de que la mera desfiguración del rostro no constituye mutilación.[1] Al terminar el fiscal su prueba, que estableció un delito de acometimiento y agresión grave, constituyendo el agravante el hecho de que el acusado, va-

---

[1] *Pueblo* v. *Beltrán,* 64 D.P.R. 885.

rón adulto, agredió a una mujer, planteó el acusado la cuestión de la insuficiencia de la acusación, ya que no se alegó que el acusado fuera un varón adulto. La corte declaró "sin lugar la moción". El jurado rindió un veredicto de culpabilidad de acometimiento y agresión grave, constituyendo el único agravante, según las instrucciones del juez, el hecho de que el acusado, siendo varón adulto, agrediera a una mujer.

De la sentencia que lo condena a sufrir dos años de cárcel apela el acusado señalando como error, entre otros, el cometido por la corte al estimar que la acusación imputaba un delito de acometimiento y agresión grave.

El artículo 286 del Código de Enjuiciamiento Criminal, que aunque no fué invocado expresamente por la corte inferior, parece ser la base en que fundó su decisión respecto a la suficiencia de la acusación, dispone:

"Artículo 286.—El jurado podrá declarar al acusado culpable de la comisión de cualquier delito necesariamente comprendido en el delito imputádole, o de tentativa de cometerlo.

"Bajo una acusación por el delito de mutilación, el jurado podrá declarar culpable al acusado de un delito de acometimiento y agresión con circunstancias agravantes, o de acometimiento y agresión simple, siempre que se hubiere probado en el juicio que el agredido no ha quedado inutilizado en algún miembro importante de su cuerpo."

De ser aplicable el artículo 286, cabría discutir si en un caso de mutilación procede un veredicto por acometimiento y agresión grave cuando el agravante no es el que está necesariamente comprendido en la acusación por mutilación (grave daño corporal), y no se alega otro agravante expresamente en la acusación.(²) No es necesario, sin embargo, que resolvamos si el alcance del artículo 286 en cuanto se refiere a mutilación, está limitado a aquellos agravantes que,

---

(²)Entre los agravantes que no están necesariamente comprendidos en una acusación por mutilación está la agresión de una mujer o un niño por varón adulto, la agresión a un funcionario público, la agresión en sala de justicia u otro sitio de reunión para fines lícitos, la agresión en una morada ajena, etc.

ya expresamente, ya por necesaria implicación, están incluí-
dos en una acusación por mutilación. No es necesario, por-
que no es aplicable el artículo 286, ya que en el caso de au-
tos nunca hubo una acusación por mutilación. El mero he-
cho de que se titulara la acusación "mutilación" carece de
importancia. *Pueblo* v. *Méndez,* 44 D.P.R. 604; *Pueblo* v.
*González,* 17 D.P.R. 1186; *Pueblo* v. *Behn,* 13 D.P.R. 1. Lo
importante, y lo que determina la verdadera calificación del
delito imputado, es lo que se alega en la acusación. Y en
el caso de autos no se alegan en la acusación hechos consti-
tutivos del delito de mutilación,([3]) y sí hechos constitutivos
del delito de acometimiento y agresión.

■ Siendo la acusación una por acometimiento y agre-
sión, no es suficiente para imputar la modalidad grave del
delito a menos que se aleguen los hechos constitutivos del
agravante.([4]) El único agravante en que se fundó o podía
fundarse el veredicto del jurado, de acuerdo con las ins-
trucciones del juez, es el hecho de ser la agredida mujer y
el agresor varón adulto. No surge de la acusación ese agra-
vante, ya que no se alegó que el acusado fuese varón adulto.
Tanto el veredicto como la sentencia que en él descansa, son
por consiguiente erróneos, por no ser consistentes con la
acusación. *Pueblo* v. *Zambrana,* supra.

*Por los fundamentos expuestos, se revoca la sentencia
apelada y se devuelve el caso a la corte inferior para la ce-
lebración de un nuevo juicio u otros procedimientos no in-
consistentes con esta opinión.*

---

([3])*Pueblo* v. *Beltrán,* supra.
([4])*Pueblo* v. *Ramos,* 22 D.P.R. 685; *Pueblo* v. *Aguilar,* 19 D.P.R. 1074;
*Pueblo* v. *Zambrana,* 18 D.P.R. 758.