## El Pueblo *v.* Olivieri.

Apelación procedente de la Corte de Distrito de Ponce.

No. 114.—Resuelto en diciembre 6, 1907.

Denuncia—Acometimiento y Agresión—Apelación.—Aunque en una denuncia por acometimiento y agresión no se especifique que el acusado atacara ilegalmente y con intención de causar daño al denunciante, no sería ello motivo suficiente para estimarla defectuosa; pues, según el artículo 81 del Código de Enjuiciamiento Criminal, no es necesario que la denuncia contenga tal alegación, pues si en ella se expresa la naturaleza del delito y las circunstancias que concurrieron en su perpetración, en lenguaje conciso y breve, que cualquier persona de inteligencia común pueda entenderla, la denuncia es suficiente; y en todo caso, la falta de tal alegación no constituiría nunca error fundamental que justifique la revocación de la sentencia.

Los hechos están expresados en la opinión.

Abogado del apelado: *Sr. Rossy, Fiscal.*

La parte apelante no compareció.

El Juez Asociado Sr. Hernández, emitió la opinión del tribunal.

La presente causa se originó en la corte municipal de Coamo, bajo la siguiente denuncia:

"Juana Díaz, noviembre 5, de 1906.—Honorable Juez Municipal. Señor.—En la noche del lunes, día 3 del corriente, encontrándome en Villalba, en la panadería del Sr. Maximino Bracety, fuí agredido por los individuos Valentín Rodríguez y Antonio Olivieri, quienes, después de tenerme en el suelo dándome patadas en el pecho y cuerpo, el Valentín me sujetaba y el Olivieri me daba, al extremo de tirarme con el quinqué de la panadería del Sr. Bracety; y, por último, el Olivieri haló por un revólver, apuntándome, y si no hubiese sido por el Sr. Primitivo Meléndez, que al mismo tiempo saltó y le empuñó el brazo, me hubiesen causado la muerte. El revólver fué ocupado por el Policía Manuel Valentín, quien los condujo al Cuartel de Villalba. Son testigos presenciales del hecho, Primitivo Meléndez, Baldomero Santiago, Norberto Ortíz y Maximino Bracety, que llegó momentos después. Lo que pongo en su conocimiento, para que juzgue como crea conveniente. Respetuosamente, Sinforiano Colón. Jurada y firmada ante mí.—P. Monclova, Juez de Paz."

Por la expresada corte municipal fueron condenados ambos denunciados'; y juzgados nuevamente por la Corte de Distrito de Ponce, mediante la celebración de nuevo juicio, á virtud de recurso de apelación interpuesto contra la sentencia pronunciada, tanto Valentín Rodríguez como Antonio Olivieri, fueron declarados culpables, el primero, del delito de acometimiento y agresión, y el segundo, del delito de acometimiento con arma mortífera; y en su consecuencia, condenados, uno y otro, á la pena de cincuenta dollars de multa cada uno, y, en defecto de pago, á sufrir cincuenta días de cárcel y al pago de la mitad de las costas causadas, confirmando así parcialmente, según expresa el juez, la sentencia apelada.

Contra esa sentencia interpuso Olivieri recurso de apelación para ante esta Corte Suprema, sin que haya venido en el récord pliego de excepciones, ni exposición de hechos; pero el abogado del apelante ha presentado alegato escrito en que expone como fundamentos del recurso los siguientes:

"1°. Que los hechos como se relatan en la denuncia, no son constitutivos del delito de acometimiento y agresión en ninguno de sus diferentes aspectos, pues no se consigna, como debió hacerse, según los artículos 71 y 72 del Código de Enjuiciamiento Criminal, y que Olivieri atacara al denunciante ilegalmente y con intención de causarle daño.

"2°. Que sin embargo de haber sido acusado Olivieri de acometimiento y agresión únicamente, fué declarado culpable de acometimiento con arma mortífera, habiéndose cometido, por tanto, un error que afecta sustancialmente sus derechos, pues no se le dió oportunidad para defenderse del delito que fué declarado culpable, infringiéndose así el artículo 5°. del Código Penal vigente."

Examinemos ambos fundamentos del recurso:

La denuncia contiene una exposición de los actos constitutivos del delito, en lenguaje conciso y corriente; y está redactada de tal modo, que cualquier persona de inteligencia común puede entenderla.

Ciertamente, que en ella no se consigna que Antonio Olivieri atacara ilegalmente y con intención de causar daño al

denunciante, pero ello no era necesario, según el artículo 81 del Código de Enjuiciamiento Criminal, y la denuncia contiene tan detalladamente, como es posible, la naturaleza del delito y las circunstancias que concurrieron en la perpetración, habiéndose dado así cumplimiento al precepto del artículo 23 del mismo Código.

De todos modos, á la denuncia no se opusieron reparos en la corte inferior, y la Corte Suprema en grado de apelación, cuando no se ha interpuesto la debida excepción en el tribunal sentenciador, sólo podrá conocer de errores fundamentales que aparecieren en los autos, según la ley relativa á la revocación de sentencias en causas criminales, aprobada en mayo 30 de 1904; y el error alegado, en el caso de existir, nunca sería fundamental.

No comprendemos como la representación del apelante puede afirmar que Olivieri fué acusado solamente de acometimiento y agresión, cuando la lectura de la denuncia revela que fué acusado de acometimiento y agresión con arma mortífera, cual lo es el revólver con que apuntó contra Colón; y siendo así, claro es que tuvo oportunidad para defenderse del delito de que fué acusado. Huelga la cita del artículo 5°. del Código Penal que se supone infringido.

No terminaremos sin hacer constar que, habiéndose dictado por el juez de Ponce, mediante la celebración de un nuevo juicio, la sentencia hoy apelada, dicha sentencia no pudo estimarse basada en los méritos del juicio que originó la apelación para ante dicho juez, y por tanto, no puede ser confirmatoria parcialmente del fallo apelado. Así lo hemos dicho ya repetidas veces en varios casos anteriormente resueltos, entre ellos los números 92 y 94, de *El Pueblo de Puerto Rico* contra Pascasio Rivera, y el número 93 de "El Pueblo de Puerto *Rico* contra *Andrés Negroni,* decididos, respectivamente, en los días 11 y 14 y 24 del mes de octubre del corriente año.

Por las razones expuestas, procede se confirme la sentencia apelada, menos en cuanto expresa ser confirmatoria parcial-

mente de la otra sentencia apelada de la corte municipal de Coamo.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Figueras, MacLeary y Wolf.