## El Pueblo v. Albino.

Apelación procedente de la Corte de Distrito de Humacao.

No. 339.—Resuelto en abril 27, 1911.

Denuncia—Acometimiento con Circunstancias Agravantes.—No' es necesario que en una denuncia por acometimiento con circunstancias agravantes, se especifique que el arma de que hiciera uso el acusado era mortífera, siendo suficiente expresar la clase de arma usada, dejando a la apreciación de la corte la circunstancia de si era o nó mortífera.

Id.—Casos en que la Pena no Corresponda a la Calificación—Apelación—Nuevo Juicio.—Apareciendo que el acusado en este caso fué declarado culpable de acometimiento con circunstancias agravantes, y que la pena que le fuèra impuesta corresponde al delito de acometimiento sin agravantes, y no habiendo en los autos suficientes elementos para determinar si es errónea la calificación, o la imposición de la pena, pues no se ha presentado la prueba practicada en el juicio, y la calificación del delito hecha en la denuncia, no es bastante para estimar acertada la contenida en la sentencia, procede que se decrete un nuevo juicio.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Lorenzo Jiménez y García.*

Abogado del apelado: *Sr. Jesús M. Rossy, Fiscal.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

En este caso el apelante no ha presentado en esta Corte Suprema exposición de los hechos, pliego de excepciones ni alegato de errores, y sólo tenemos para resolver la apelación del acusado, la transcripción de los autos y el informe del Hon. Fiscal de este tribunal.

La denuncia formulada originariamente ante la Corte Municipal de Caguas, y que sirvió de base para el nuevo juicio en apelación ante la Corte de Distrito de Humacao, es la siguiente:

"Corte Municipal de Caguas, Puerto Rico. Estados Unidos de América, ss: El Presidente de los Estados Unidos. *El Pueblo de Puerto Rico* v. *Celedonio Albino.* Yo, Pablo Fernández y Díez, vecino de Caguas, calle de Barrio de Turabo, de treinta y seis años, formulo denuncia contra el expresado acusado, por delito de acometimiento con agravantes, cometido de la manera siguiente: que en la tarde del día de ayer, a las 6 p. m., noviembre 11 de 1910, y en el barrio de Turabo que forma parte del Distrito Judicial Municipal de Caguas, el acusado maliciosa y criminalmente, estando el declarante acompañado de su hermano Pelayo Fernández, y Francisco Sosa atando unos bueyes en la finca que tienen arrendada a Don Pascual Fernández Acevedo, el declarante y su referido hermano Pelayo, les acometió con un machete que portaba, porque el declarante manifestó al acusado que un caballo que se encontraba en dicha finca, y que allí pastaba ilegalmente, por orden de Don Severo Abella Bastón, había de ser conducido al depósito municipal de animales; y le prohibía lo tomase para llevarlo consigo. Tal fué el acometimiento y con tanta insistencia lo hizo que obligó al declarante y a su hermano a retirarse del sitio a fin de evitar males mayores. Como este hecho es contrario a la paz y dignidad de El Pueblo de Puerto Rico, lo denuncio ante la corte a los efectos de justicia, siendo testigos Nicomedes Vega, Tomás Flores, Aniceta Oquendo, Pelayo Fernández y Francisco Sosa. Firmado, Pablo Fernández, Denunciante. Jurada ante mí, hoy, 12 de noviembre, 1910. Firmado Rafael Aguayo, Secretario de la Corte Municipal de Caguas."

En ella se imputa al acusado en términos claros y precisos la comisión de un delito de acometimiento con agravante, pues al decir que el denunciante y otras personas fueron acometidas por el acusado con un machete, no necesitaba expresar que tal instrumento era un arma mortífera porque tal apreciación debe ser hecha por el tribunal en vista de la clase de arma empleada y sin que importe la calificación que de la misma haga el denunciante.

La denuncia es, por tanto, suficiente, y el juez de la corte inferior después de oir las pruebas declaró en su sentencia de 3 de enero último, que el acusado era culpable del delito de acometimiento con agravantes y le impuso la pena de quince dollars de multa y en defecto de pago un día de cárcel por cada dollar que dejare de satisfacer y las costas.

Como por tratarse de un delito menos grave, (*misdemeanor*) el caso fué juzgado en apelación por la Corte de Distrito y sin jurado, no hay un veredicto escrito de éste que declare la culpabilidad del acusado y ésta aparece en la sentencia que declarándole culpable del delito de acometimiento con agravante, le condena no obstante a quince dollars de multa, que es una pena inferior al *mínimum* del fijado por el estatuto para castigar el delito de que el acusado fué declarado culpable.

La pena de quince pesos de multa está dentro de los limites de la señalada por la ley para el acometimiento sin agravantes; y por consiguiente, es claro que si la calificación del delito fué correcta, la pena impuesta sería impropia por ser inferior a la marcada por la ley; y si por el contrario, la calificación no es correcta, entonces la pena estaría bien impuesta.

Claramente se ve ahora, que hay error en la imposición de la pena o en la calificación del delito, pero no tenemos a nuestro alcance elementos para afirmar cuál de ellos es la equivocada, porque el mero hecho de que la denuncia impute el delito de acometimiento con agravantes no es bastante para poder deducir que la calificación es la acertada y erró-

nea la pena, pues ha podido no probarse el uso de arma mortífera y sí el acometimiento.

Tampoco el hecho de no presentar una exposición del caso y dejar de alegar errores en la apreciación de las pruebas puede llevarnos a la conclusión de que la calificación del juez fué correcta desde el momento que aparece contradicha con la pena que impuso.

Estudiando el caso de *State* v. *Klock* y sus notas, 55 American State Reports, 259, encontramos que en todos los casos allí se tenía un veredicto del jurado que, estimándolo correcto, servía para conocer si la pena impuesta por la corte era la propia o no; y en ellos cuando se impuso una pena inferior al *minimum* fijado por el estatuto, se devolvió la causa al juez inferior para que impusiera la pena adecuada.

Pero como en este caso carecemos como en aquéllos de elementos para afirmar que la pena es la errónea y no la calificación, habremos de revocar la sentencia, ordenando la celebración de un nuevo juicio.

*Revocada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y del Toro.