EL PUEBLO, DEMANDANTE Y APELADO V. DÁVILA, ACUSADO Y
APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan,
Sección 2ª., en causa por delito de acometimiento y agre-
sión con circunstancias agravantes.

No. 858.—Resuelto en diciembre 24, 1915.

ACOMETIMIENTO Y AGRESIÓN CON CIRCUNSTANCIAS AGRAVANTES—AGRESIÓN CON
EL CABO DE UN REVÓLVER—ARMA MORTÍFERA.—Un acometimiento y agresión
con el cabo de un revólver no es en sí un acometimiento y agresión con arma
mortífera dentro del inciso octavo de la sección 6ª. de la Ley de 10 de marzo
de 1904, ya que un arma es mortífera según sea el uso que de ella se haga.
ARMA MORTÍFERA—DEFINICIÓN.—Arma mortífera puede definirse como cualquier
instrumento que causa la muerte o grave daño corporal al ser usado del modo
corriente y usual que su forma y construcción revela.

Los hechos están expresados en la opinión.
Abogado del apelante: *Sr. Pedro Santana, Jr.*
Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Quintín Dávila fué declarado culpable de acometimiento
y agresión con circunstancias agravantes en virtud de una
denuncia que sólo imputaba un delito de acometimiento y
agresión con el cabo de un revólver, y en la cual no se expre-
saba ninguna otra circunstancia que colocara el caso bajo
alguna de las diez formas agravantes designadas en la ley
de marzo 10, 1904. El acusado apela contra la sentencia
que le impuso una multa de cincuenta dollars, y en el recurso
se impugna la suficiencia de la denuncia, así como la de la
prueba.

El golpe en este caso fué dado con el cabo de un revólver.
La única disposición legal aplicable a esta denuncia y que
podría hacer el delito más grave que un acometimiento y
agresión simple, es la contenida en el inciso 8 de la sección
6 de la dicha ley de 10 de marzo de 1904, o, en otras pala-
bras, cuando la agresión se comete con un arma mortífera
en circunstancias que no revistiesen la intención de matar
o mutilar. El Fiscal admite que no se demostró acometi-

miento y agresión alguno con circunstancias agravantes
puesto que una agresión con el cabo de un revólver no es
en sí un acometimiento con arma mortífera; y la jurispru-
dencia citada apoya tal admisión.   Arma mortífera puede
definirse como cualquier instrumento que cause la muerte o
grave daño corporal, al ser usado del modo corriente y usual
que su forma y construcción revela.   2 R. C. L. Assault & Bat-
tery, párrafo 25.   En el caso de *Filkins* v. *People*, 60 N. Y.
101, 25 A. R. 143, se resolvió que un golpe dado con el cabo de
un bieldo usado en forma de garrote no constituía un aco-
metimiento con arma cortante, de acuerdo con la ley defi-
niendo el acometimiento con armas mortíferas.   El Juez Pre-
sidente, Sr. Roberts, en el caso de *Skidmore* v. *State*, 43
Texas, 96, 97, declaró que cuando una pistola es usada sólo
para golpear, no es más que un pedazo de hierro de igual
tamaño, peso y forma; y dicho caso fué citado con apro-
bación en el de *Jenkins* v. *State*, 30 Texas Court of Appeals,
380.

En el caso de *Acers* v. *United States*, 164 U. S. 391, la
corte resolvió que un arma es mortífera según el uso que
de ella se haga, y citó el caso de *Jenkins* v. *State, supra*.   De
acuerdo con estas decisiones, un revólver usado como un pe-
dazo de hierro no es necesariamente un arma mortífera, a
menos que por su tamaño así lo sea, y en este caso nada de-
muestra que el arma fuera mortífera por su tamaño o que
fuera usada en su forma mortífera, o, en otras palabras, con
violencia mortal.   Por lo tanto, creemos que no existe prueba
alguna de un acometimiento y agresión grave.

Además, aunque la prueba es contradictoria, hubo eviden-
cia tendente a demostrar que el acusado acometió al denun-
ciante con el cabo de un revólver causándole las heridas y
perdida de sangre que expresa la denuncia.   Por tanto, la
corte estuvo justificada al imponer la pena máxima de cin-
cuenta dollars de multa y no vemos razón alguna para modi-
ficar su sentencia sino en lo que respecta a eliminar las pala-

bras "con circunstancias agravantes." En sus efectos, el caso estuvo muy cerca de estar comprendido en el inciso 7 de la ley, pues casi se causaron heridas graves.

La sentencia debe ser modificada.

> *Confirmada la sentencia apelada pero modi-*
> *ficada en el sentido de declarar culpable*
> *al acusado de un delito de acometimiento*
> *y agresión simple.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.