EL PUEBLO, DEMANDANTE Y APELADO, *v.* CRUZ, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Segunda, en causa por delito de acometimiento y agresión con circunstancias agravantes.

No. 1162.—Resuelto en mayo 25, 1917.

ACOMETIMIENTO Y AGRESIÓN CON CIRCUNSTANCIAS AGRAVANTES — HERIDAS CON ARMA DE FUEGO—INTENCIÓN CRIMINAL.—Cualquier persona que deliberadamente dispare contra otra y la hiera, lo hace a su propio riesgo, deduciéndose de tales actos la intención criminal, por lo que es culpable *prima facie* de un delito de acometimiento y agresión con circunstancias agravantes.

ID.—DISPARO CON ARMA DE FUEGO POR UN POLICÍA—JUSTIFICACIÓN O EXCUSA—ARRESTO.—La única justificación que tiene un policía para disparar a una persona mientras ésta trata de correr, es cuando ha cometido un delito grave (*felony*) o cuando ha sido cometido un delito menos grave (*misdemeanor*) a presencia del policía, o si éste tiene un mandamiento de arresto; y por delito menos grave solamente después de efectuado el arresto.

ID.—ACTOS NO JUSTIFICADOS.—El hecho de que un hombre corra al ser interrogado por un policía no justifica a éste para disparar contra aquél sin que importe la creencia que de tal hecho tenga el policía.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Celestino Iriarte, Jr.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Hubo prueba en este caso tendente a demostrar que Ernesto Allende, muchacho que no estaba haciendo nada malo, fué herido dos veces en las piernas por Victoriano C. Cruz. Cerca de Toa Alta el referido Ernesto Allende fué parado

por Victoriano C. Cruz quien le preguntó por su nombre y residencia. Esto causó sospecha al muchacho, le dió la espalda y quizás si hasta corrió y entonces Cruz le disparó e hirió sin más justificación que esa. Cualquier persona que deliberamente dispare contra otra y la hiera, es culpable *prima facie* de un delito de acometimiento y agresión con circunstancias agravantes, o sea del delito que ha sido imputado en la acusación.

Se alegó como defensa que Victoriano C. Cruz era un policía y que Ernesto Allende corrió mientras el acusado, que estaba en busca de un prófugo, interrogaba a dicho Allende. La única justificación que puede tener un policía para disparar a un hombre mientras éste trata de correr, es cuando la persona que corre ha cometido un delito grave (*felony*), o cuando ha sido cometido un delito menos grave a presencia del funcionario, o si éste tiene un mandamiento de prisión; y por los delitos menos graves solamente después del arresto. Allende no había cometido ningún delito y Cruz no tenía mandamiento para su arresto. La prueba, a la verdad, tendía a mostrar que el funcionario iba vestido de paisano y no trató de arrestar hasta después que hizo los disparos. Allende no supo que Cruz era un policía sino después de haberse hecho los disparos.

Se alegó fuertemente en la vista de este caso, que un hombre peligroso estaba en fuga cuando Cruz trataba de hacer el arresto. Cruz no tenía, sin embargo, un mandamiento de prisión para el presunto prófugo. Su verdadera misión era sacar de una casa a un hombre que estaba alterando la paz allí, pero cuando Cruz llegó a la casa el hombre se había ido. Cruz confundió a Allende con el prófugo, pero aun cuando él hubiera sido la persona que se perseguía, Cruz no estaba justificado en dispararle. En realidad no podía considerarse que ni Allende ni el supuesto prófugo hicieron resistencia al policía, puesto que no hubo tentativa para arrestarlos, ni siquiera ninguna demostración de que Cruz era alguno de

los funcionarios de la paz.  Si un hombre se resuelve a correr al ser interrogado, tal hecho no justifica a un policía para dispararle y no importa lo que el policía mismo crea.  Cualquier persona que dispare contra otra lo hace a su propio riesgo.  La intención de disparar y hacer blanco existía, de donde se deduce la intención criminal y no importa el motivo que haya podido tener un determinado acusado.  2 R. C. L. 527, *et seq.*

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.