El Pueblo, Demandante y Apelado, v. Varela, Acusado y Apelante.

Apelación procedente de la Corte de Distrito de Aguadilla en causa por delito de acometimiento con circunstancias agravantes.

No. 1181.—Resuelto en junio 14, 1917.

Acometimiento con Circunstancias Agravantes—Calificación del Delito—Denuncia Suficiente.—Cuando el hecho que se imputa al acusado consta claramente descrito en el cuerpo de la denuncia y es constitutivo de un delito de acometimiento con circunstancias agravantes de acuerdo con la ley sobre acometimiento y agresión de 10 de marzo de 1904, la denuncia es bastante, sin que sea un defecto fatal el que en su encabezamiento sólo hable de acometimiento y se refiera al artículo 232 del Código Penal sustituído por dicha ley. Lo que determina la naturaleza del delito imputado en la denuncia, no es el nombre que se le dé, sino los hechos alegados en la misma.

Juicio de Novo—Apreciación del Juez Municipal—Pena Excesiva.—La apreciación de un juez municipal al conocer de una causa, no obliga al de distrito al celebrarse el juicio de nuevo, pues éste actúa como si se tratara de una causa que fuera por primera vez ante él. En tal virtud el juez de distrito puede imponer una pena mayor de la que impuso el juez municipal, actuando siempre, desde luego, dentro de los límites de la fijada por la ley para el delito cometido, y esta corte no debe alterar la conclusión del juez de distrito a menos que se demuestre la existencia de alguna circunstancia por virtud de la cual deba considerarse la pena excesiva.

Los hechos están expresados en la opinión.

El apelante compareció en nombre propio.

Abogado del apelado: Sr. Salvador Mestre, Fiscal.

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

La denuncia, base de este proceso dice así:

"Yo, Nicolás Cuevas, vecino de Aguada, calle de la Paz, núm. 32, de 40 años, formulo denuncia contra Vicente Varela y Federico Varela por delito de acometimiento, art. 232 C. P., cometido de la manera siguiente: Que en octubre 28, 1916, y hora 10:30 A. M., frente a la plaza pública de Aguada, P. R., del Distrito Judicial Municipal de Aguadilla, P. R., los referidos acusados allí entonces, voluntaria, maliciosa e ilegalmente, me acometieron: el primero con un puñal en la mano y el segundo con dos piedras que cogía para

tirarme y en sus actitudes amenazantes trataron de agredirme, lo que no pudieron efectuar a intervención de la misma mujer de Vicente Varela que se interpuso entre ambos. Siendo este hecho contrario a la ley para tal caso hecha y prevista, lo denuncio a los efectos de justicia, siendo testigos Pedro Ferrer y Ramón Ferrer, barrio de Guanábano. (Firmado) Nicolás Cuevas. Denunciante. Jurada ante mí hoy 30 de octubre de 1916. (Firmado) Joaquín Ríos. Secretario de la Corte de Paz de Aguada.''

El acusado fué juzgado y condenado por la Corte Municipal de Aguadilla, como autor de un delito de acometimiento con circunstancias agravantes, a pagar cincuenta dólares de multa y en su defecto a sufrir un día de cárcel por cada dólar que dejare de satisfacer. No conforme con esa sentencia, apeló para ante la corte de distrito, y celebrado un nuevo juicio, la corte lo declaró culpable y lo condenó a sufrir la pena de un año y medio de cárcel. El acusado recurrió entonces para ante este tribunal, señalando como errores cometidos por la corte de distrito, 1, el haberlo condenado por acometimiento con circunstancias agravantes, cuando sólo fué acusado de acometimiento; 2, el haber apreciado la prueba erróneamente, y 3, el haber sido demasiado severa en la aplicación de la pena.

1. El encabezamiento de la denuncia, en verdad, sólo habla de acometimiento y hace referencia a un precepto del Código Penal que fué sustituído por una ley de la Asamblea Legislativa. Pero si bien esto es así, el verdadero hecho que se imputa al acusado consta claramente descrito en el cuerpo de la denuncia y es constitutivo de un delito de acometimiento con circunstancias agravantes, de acuerdo con la ley vigente. Y eso basta.

''No importa que el Fiscal,'' dijo esta Corte Suprema, ''haya calificado erróneamente los hechos del delito de falsa representación e impostura, pues aquéllos son los que determinan el delito cometido y no la calificación del Fiscal. La acusación no es por ello fatalmente defectuosa siempre que los actos constitutivos del delito estén alegados suficientemente,

como en el presente caso.    El error en la calificación no la vicia de nulidad.'' *El Pueblo* v. *González,* 17 D. P. R. 1186, 1188.

''La circunstancia de que el denunciante calificara errónea-mente los hechos expresados en la denuncia, como constitu-tivos de un delito determinado''—también dijo ésta corte—''no es obstáculo alguno para que, si de los hechos expuestos se dedujere la comisión de un delito de la competencia de la corte municipal, proceda ésta a celebrar el juicio y a condenar al acusado por el delito realmente cometido.'' *El Pueblo* v. *Sánchez,* 16 D. P. R. 718.

Y en el caso de *El Pueblo* v. *Zambrana,* 18 D. P. R. 758, expresó: ''Lo que determina la naturaleza del delito impu-tado en una denuncia, no es el nombre que se le da en la misma, sino los hechos alegados en ella.'' Véanse también los casos de *El Pueblo* v. *Colón,* 15 D. P. R. 84, y *El Pueblo* v. *Vilches et al.,* 12 D. P. R. 195.

2. La prueba resultó contradictoria, pues mientras los tes-tigos de cargo aseguran que el acusado fué a la casa del per-judicado a provocarlo, y algún tiempo después, al encontrarlo en la calle, le acometió con un puñal; los de descargo dicen que fué el denunciante el que trató de acometer con un revólver al acusado.    El conflicto se resolvió por la corte de distrito en contra del acusado, y como éste no ha demostrado que la corte actuara movida por pasión, prejuicio o parcialidad, o que cometiera algún error manifiesto, no cabe alterar su decisión.

3. Como hemos visto, el acusado fué condenado por la corte municipal a cincuenta pesos de multa, y a un año y medio de cárcel por la corte de distrito.    La apreciación del juez mu-nicipal no obliga al de distrito.    Este aprecia los hechos a virtud de un nuevo juicio y actúa como si se tratara de una causa que fuera por primera vez ante él.    La pena de año y medio de cárcel está dentro de los límites fijados por la ley, y no habiéndose demostrado la existencia de ninguna circuns-tancia por virtud de la cual debiera considerarse excesiva di-

cha pena, no cabe modificar la sentencia recurrida que debe, por el contrario, confirmarse en todos sus extremos.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.