EL PUEBLO, DEMANDANTE Y APELADO, *v.* TORO ET AL., ACUSADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Ponce en causa por delito de acometimiento y agresión con circunstancias agravantes.

No. 1205.—Resuelto en diciembre 18, 1917.

ACOMETIMIENTO Y AGRESIÓN CON CIRCUNSTANCIAS AGRAVANTES—TRANSGRESORES—FUERZA NECESARIA PARA LA EXPULSIÓN.—En este caso los acusados, en la creencia de que ciertos jóvenes eran una partida de malhechores con fines perversos, y que era su deber hacerlos abandonar el sitio, y sin asegurarse primero en debida forma de la naturaleza de los propósitos de los supuestos transgresores, los atacaron con armas de fuego y blancas hiriendo gravemente a uno de ellos. *Se resolvió:* que los acusados no estuvieron justificados al hacer uso de fuerza indebida y que lo hicieron sin tener excusa legal alguna, siendo por tanto culpables de acometimiento y agresión con circunstancias agravantes.

Los hechos están expresados en la opinión.
Abogado de los apelantes: Sr. *José de Jesús Tizol.*
Abogado del apelado: Sr. *Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Un número de jóvenes, en su mayoría de Ponce, salieron de dicha ciudad a una pesquería a Guayanilla. En dicho pueblo consiguieron para alojarse la casa de un amigo. Algunos de ellos se fueron a un bote que estaba en el agua y otros durmieron en el balcón de la casa, esperando la madrugada para comenzar su diversión. Los acusados y otras

personas, todos gente honrada que vive en la vecindad y
tiene allí sus ocupaciones, concibieron la idea de que el grupo
de pescadores era una banda de malhechores con fines per-
versos y que era el deber de ellos hacerles abandonar el sitio.
Pero lo hicieron en una forma que no era la correcta.   Ellos
no se aseguraron primero, en debida forma, de la naturaleza
de los propósitos de los supuestos transgresores, sino que
avanzaron sobre ellos asaltándolos con armas blancas y de
fuego habiendo sido malamente herido uno de los testigos
de cargo, que apenas pudo escapar de un daño mayor.   Los
acusados manifiestan que ellos llamaron sin que recibieran
contestación, y la única defensa en este caso es que ellos ac-
tuaron movidos por buenos propósitos y nunca con inten-
ción criminal.

La acusación imputa un acometimiento y agresión con in-
tención de cometer asesinato.   El caso fué sometido al ju-
rado previas muy cuidadosas instrucciones dadas por la
corte, y el jurado demostró que había tomado en cuenta la
intención al declarar a los acusados culpables de acometi-
miento y agresión con circunstancias agravantes.   La corte
también tomó en cuenta el móvil condenando al principal
acusado a $300 de multa o en su defecto prisión, y a los de-
más·a $100 de multa o a un término de prisión relativo.

El caso de *People* v. *Kilvington,* 104 Cal. 86, 37 Pac.
799, fué uno en que un policía disparó a un supuesto reo, y
en él se estableció que el derecho de un oficial encargado de
mantener el orden a disparar mientras hace un arresto, es
una cuestión de hecho a resolver por el jurado.   Esto siem-
pre es así cuando la persona que está haciendo el arresto
tiene alguna aparente justificación legal para disparar con-
tra supuestos delincuentes.   En este caso, sin embargo,
aun cuando hubo un juicio por jurado nada había en la
prueba que justificara los violentos ataques de los acusados.
Nadie tiene el derecho de matar o de herir a un mero trans-
gresor, excepto cuando, por lo menos, se demuestre que fué
necesario ejercer alguna fuerza para expulsarlo.   5 C. J.,

*743 et seq;* 21 Cyc. 792; 21 Cyc. 972. Los actos de los acusados en este caso a lo que más se asemejan, buscando una analogía en la ley, es al arresto de una persona, pero en estos casos la persona que está haciendo el arresto no está justificada al hacer uso de fuerza indebida. 5 C. J. 424 *et seq.* Más o menos directamente hemos aplicado estos principios en los casos de *El Pueblo* v. *Cruz,* 25 D. P. R. 327, y *El Pueblo* v. *Figueroa,* 16 D. P. R. 373. En el primer caso un policía disparó contra un muchacho que iba huyendo, y la corte declaró que la intención de disparar y hacer blanco existía independientemente del motivo que tuviera el individuo en particular. Hemos dicho a menudo, al igual que todas las demás cortes, que la intención debe presumirse en determinados actos ilegales. Los acusados en este caso atacaron sin tener excusa legal alguna, y las posibles consecuencias de tales actos son en realidad de verdad graves.

La sentencia debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados del Toro y Hutchison.

El Juez Presidente Sr. Hernández y el Asociado Sr. Aldrey no intervinieron.