EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JOSÉ A. LÓPEZ VÉLEZ, acusado y apelante.

No. 2793.—*Visto:* Enero 21, 1927. *Resuelto:* Abril 8, 1927.

1. HOMICIDIO (*Homicide*)—EVIDENCIA—PESO Y SUFICIENCIA—ATAQUES PARA COMETER HOMICIDIO.—Cuando uno que comete un delito *misdemeanor* a presencia de un policía huye y éste hace uso de su revólver y lo hiere, en ausencia de demostración de que la resistencia del primero colocará al policía en peligro de su vida o de grave daño corporal al ir en persecución de aquél, un veredicto de ataque para cometer homicidio no es contrario a las pruebas.

2. DERECHO PENAL—APELACIÓN Y ERROR, Y CERTIORARI—PRESENTACIÓN Y RESERVA EN LA CORTE INFERIOR DE LOS FUNDAMENTOS DE REVISIÓN—NECESIDAD DE QUE LAS OBJECIONES SE PRESENTEN EN LA CORTE INFERIOR—INSTRUCCIONES AL JURADO—OBJECIONES EN GENERAL.—No se considerará en apelación un alegado error al instruir una corte al jurado sobre la forma en que debía considerar éste la prueba cuando no se especifica la instrucción errónea en ese particular, no se ha tomado excepción ni se ha llamado la atención de la corte inferior en la parte en que dicha instrucción se considera errónea.

SENTENCIA de *Enrique Lloreda,* J. (Arecibo), condenando al acusado por delito de ataque para cometer homicidio. *Confirmada.*

R. *Rivera Zayas,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

José. A. López Vélez fué acusado de ataque para cometer homicidio y fué convicto por un jurado y luego sentenciado a cumplir dos años de presidio.

[1] El apelante apunta como primer error que el veredicto es contrario a las pruebas.

El acusado en la fecha de la acusación desempeñaba el cargo de cabo de la policía insular. En este concepto y acompañado de dos policías más, se dirigió al barrio de ''Bajura Adentro'' de Manatí y en el sitio conocido por ''Hoyo de Cambole'' sorprendió a cuatro personas que estaban operando un alambique para la fabricación de ron. Los individuos al ver la policía se dieron inmediatamente a la fuga y el acusado mientras huían, hizo con su revólver varios disparos, resultando herido Damián Monserrat.

La prueba de cargo tendió a demostrar el simple hecho de que una vez que los policías llegaron al sitio de ''Hoyo Cambole'' y no bien emprendió la fuga Damián Monserrat tratando de internarse en el monte, el acusado le disparó con su revólver causándole una herida de bala que penetró por la espalda, región lumbar, de abajo arriba, se alojó en la parte superior del hombro derecho de donde le fué extraída. Más tarde pudo comprobarse clínicamente que el perjudicado padeció de una pleuresía hemorrágica a consecuencia de la herida.

La prueba de descargo por otro lado, trató de establecer que Monserrat al darse a la fuga con sus demás compañeros y siendo perseguidos lanzaron piedras a la policía a medida que se internaban en la maleza del monte y que

al recibir una pedrada el acusado, éste disparó en dirección de donde salían las piedras sin que tuviese la intención de herir a Monserrat y sí únicamente con el fin de amedrentarlos.

Aparte de que la prueba así contradictoria fué al jurado y éste decidió el conflicto en contra del acusado, de la misma prueba de descargo no aparece justificado que el acusado hubiera hecho uso de su revólver para detener la fuga del perjudicado y vencer su resistencia para hacer efectivo su arresto. Véase el caso de *El Pueblo* v. *Toro et al.,* 26 D.P.R. 45, y los casos en él citados.

Se trataba de un *misdemeanor* que cometía el perjudicado en presencia de la policía; y el acusado pudo proceder a su arresto. Artículos 116 y 121 del Código Penal. En el artículo 123 del mismo cuerpo legal se dispone que si la persona huye o resiste violentamente, el oficial puede usar todos los medios necesarios para efectuar el arresto. Bajo esta bien establecida regla del derecho común, en un *felony* un oficial podía usar tal fuerza como fuera necesaria para capturar al acusado, aún teniendo que causarle la muerte mientras se daba a la fuga. Pero la regla según la jurisprudencia es otra, en un *misdemeanor*.

En el caso de *Petrie* v. *Cartwright*, 59 L.R.A. 721, la Corte Suprema de Kentucky, se expresa así:

" ' 'Cuando se trata de un delito menos grave, sin embargo, la regla es distinta. ·Su deber es verificar el arresto, pero a menos que el acusado ofrezca tal grado de resistencia que coloque al agente policiaco en peligro de su vida o de un grave daño corporal, éste no puede darle muerte. Sólo puede hacerlo, o causar grave daño corporal cuando como consecuencia de la resistencia, él queda colocado en igual peligro. Si el agente encuentra resistencia, puede oponer a ella fuerza suficiente para impedirla, al extremo de matar.' En el caso anterior de Head v. Martin, 85 Ky. 481, 3 S. W. 622, la corte estableció la misma regla, y se dijo además: 'La vida de un ser humano es demasiado sagrada para que pueda adoptarse una re-

gla más severa.  Los agentes de la autoridad están debidamente investidos con la santidad de la ley.  Ellos representan su majestad y deben ser convenientemente protegidos.  Pero permitir que se arrebate la vida a una persona acusada de un simple delito menos grave cuando tal persona huye del agente, sería no sólo una inhumanidad sino también causa de más abusos que buenos resultados.  No es necesario que la ley quede burlada.  El agente puede reunir su *posse comitatus* y perseguir al ofensor.'  Está claramente establecido por las autoridades que cuando se trata sólo de un delito menos grave el agente no puede, para impedir la fuga del afensor, quitarle la vida.  Head v. Martín 85 Ky. 481, 3 S. W. 622; 21 Am. & Eng. Enc. Law, 2d ed. p. 204; Thomas v. Kinkead, 55 Ark. 502, 15 L. R. A. 558, 18 S. W. 854, y la nota al caso de Hawkins v. Com. (Ky.) 61 Am. Dec. 162.''

La prueba de defensa no demuestra además que el acusado estuviera en peligro de perder su vida o de sufrir grave daño corporal cuando iba en persecución del perjudicado.  Él no recibió lesión alguna.  Él mismo declara que dirigió los disparos hacia el sitio de donde salían las piedras y esto no se concilia con la idea de que su objeto al hacer fuego era únicamente para amedrentar a los fugitivos.  Esto sin duda lo tuvo en cuenta el jurado y de ahí su veredicto de culpabilidad, tomando en conjunto todas las circunstancias concurrentes.  En la discusión de este primer error se resuelve el 3º sobre la negativa de un nuevo juicio, por descansar en el mismo fundamento.

[2] Queda por último el 2º error al instruir la corte al jurado sobre la forma en que debía considerar la prueba.

El apelante, sin embargo, no especifica la instrucción que alega haber sido errónea en ese particular.  Tampoco se alega haber tomado excepción a la misma o de haber llamado la atención a la corte en la parte que se consideraba errónea.  Las instrucciones por lo demás en su totalidad son correctas y fueron dadas de conformidad con la ley.

*Por todo lo expuesto, debe confirmarse la sentencia apelada.*