EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* PEDRO IRIZARRY, acusado y apelante.

No. 4231.—*Sometido:* Febrero 11, 1931. *Resuelto:* Julio 22, 1931.

*R. Martínez Nadal* y *Colberg & Barceló Jr.*, abogados del apelante; *R. A. Gómez*, abogado de *El Pueblo*, apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Pedro A. Irizarry fué acusado de atentado a la vida. En el alegato del fiscal de esta corte hay un relato sustancialmente correcto de la prueba testifical prestada durante el juicio:

"Un resumen de la prueba de cargo demuestra que el día 31 de enero de 1930 cuando faltaban dos o tres minutos para las seis de la tarde, hora de cerrar el establecimiento comercial situado en esta ciudad de San Juan en la esquina de las calles 'Allen' y 'San Justo', perteneciente a Swiggett Brothers, penetró en el establecimiento en aparente estado de embriaguez el individuo Teodoro Rodríguez a pedir una limosna; que estando ya en el momento de cerrar el establecimiento se le dijo que no se le podía dar nada y como dicho individuo no quisiera salir del establecimiento, el jefe del mismo, Sr. Swiggett, ordenó a su empleado Antonio Reyes que lo sacara; que en cumplimiento de dicha orden el empleado Antonio Reyes lo sacó del establecimiento por la puerta que del mismo da a la calle de 'San Justo', existiendo cierta confusión en la prueba con respecto a la forma en que fué sacado del establecimiento, pues mientras algunos testigos expresan que lo llevó hasta afuera, otros expresan que le dió unos empujones y lo sacó afuera; que el individuo fué y se sentó en la acera de enfrente del establecimiento a través de la calle; que como a los cinco minutos de haber ocurrido esto se presentó el acusado a la puerta del establecimiento que da a San Justo, tocando violentamente; que un empleado le abrió la puerta y el acusado penetró en dicho establecimiento preguntando en una forma alterada 'quién era el que había cometido aquel abuso'; que entonces el dueño del establecimiento señalando a Antonio Reyes que estaba allí junto a él le dijo: 'éste fué el que lo sacó'; que inmediatamente el acusado se lanzó sobre Antonio Reyes agarrándolo y tratando de sacarlo a empujones del establecimiento; que entonces el señor Swiggett le manifestó al acusado que no lo empujara que él iría con él también al cuartel acompañándolo; que a esta intervención del señor Swiggett levantó el acusado la macana que llevaba en la mano descargando un golpe que el señor Swiggett aguantó en la mano; que en ese momento el señor Federico Delgado, empleado del establecimiento, intervino diciendo repetidamente al acusado que no estropeara a nadie que no había necesidad, pues todos estaban dis-

puestos a ir arrestados si era necesario y como el acusado se volviera también contra él en actitud agresiva, le aguantó la macana soltando ésta el policía y quedando dicha macana en las manos de Federico Delgado; que inmediatamente el acusado sacó su revólver del bolsillo donde lo llevaba y apuntó con él; que en ese momento Swigget ordenó a Federico Delgado que devolviera la macana al acusado, lo que aquél hizo, tirándole entonces el acusado un golpe de puño a Federico Delgado que dió lugar a que Delgado y el acusado se empuñaran sacando de nuevo el acusado su revólver y tratando Delgado de que no le disparara, expresándole entonces el acusado a Delgado que lo soltara que no le iba a disparar con el revólver, a lo que Delgado, atendiendo a esas manifestaciones, lo soltó y entonces el acusado le hizo un disparo a quema ropa a Delgado, produciéndole una herida en el vientre con perforaciones intestinales, herida que puso en peligro la vida del referido Federico Delgado.

"Dicha prueba de cargo demostró toda que el acusado no presenció lo ocurrido entre Teodoro Rodríguez y Antonio Reyes al sacar éste a aquél del establecimiento, demostrando también dicha prueba que Teodoro Rodríguez se fué a quejar del hecho al acusado.

"La prueba de descargo, en resumen, tendió a demostrar que el acusado, que estaba actuando como policía de tráfico en la esquina de Allen y San Justo, presenció el hecho ocurrido entre Teodoro Rodríguez y Antonio Reyes y que vió que éste le dió unas patadas al primero al sacarlo de la tienda; que entró en la tienda a arrestar a Antonio Reyes y que allí todos le hicieron resistencia y que le acometieron; que le quitaron la macana y lo agredieron con ella y que en lucha que dicho acusado sostenía con Federico Delgado salió un tiro que hirió a dicho Federico Delgado, expresando el acusado en su declaración ante la corte que no sabe quién disparó el tiro."

El juicio se celebró ante el juez, quien declaró culpable al acusado y le sentenció a seis meses de cárcel. El primer señalamiento es que la corte erró al decidir que la actitud asumida por el acusado no estuvo justificada, de acuerdo con la ley y la jurisprudencia. La teoría del apelante necesariamente es que Pedro Irizarry, un policía, estuvo justificado al hacer lo que hizo en la tienda de Swiggett Brothers. Esta defensa, desde luego, dependería de los hechos. La prueba tendió fuertemente a demostrar que el policía no vió a Antonio Reyes cuando expulsó a Teodoro Rodríguez del establecimiento. Así, pues, Pedro Irizarry, aunque un policía

uniformado, no tenía derecho a penetrar en la tienda de Swiggett Brothers para practicar un arresto sin mandamiento. El artículo 166 del Código de Enjuiciamiento Criminal dispone:

"Un oficial de orden público puede hacer un arresto en cumplimiento de una orden que le haya sido entregada con tal fin, o puede, sin una orden de arresto, detener a una persona:

"1. Por un delito público cometido, o que se ha intentado cometer, en su presencia."

Surge además la cuestión de si el apelante en verdad vió que se cometiera un delito, suponiendo que él fuese testigo de todas las cosas que Antonio Reyes hizo al echar a Teodoro Rodríguez. En otras palabras, el apelante no puede estar seguro a virtud de los hechos revelados, que Antonio Reyes había cometido un *misdemeanor* y que no estaba haciendo uso de la fuerza necesaria para desalojar a una persona que no tenía derecho a estar en el sitio.

Naturalmente, aunque un policía no tenga derecho a practicar un arresto, si al tratar de hacerlo es indebidamente atacado, tiene derecho a defenderse como cualquier otro ciudadano. Sin embargo, un policía que penetra en un establecimiento para practicar un arresto sin mandamiento no tiene más derechos que cualquier otro ciudadano.

Es innecesario que consideremos ampliamente la cuestión de si el apelante presenció la comisión de un *misdemeanor*. La jurisprudencia de este tribunal y de otras cortes es constante en el sentido de que cuando un policía practica un arresto no tiene derecho a hacer uso de fuerza indebida. *El Pueblo* v. *Cruz,* 25 D.P.R. 327; *El Pueblo* v. *Toro,* 26 D.P.R. 45; 5 C. J. 25; y otros casos citados en el alegato del Fiscal.

La prueba de cargo tendió a demostrar que los que estaban en la tienda de Swiggett, particularmente Federico Delgado, trataron de impedir que el policía hiciera uso de fuerza indebida; que ellos protestaron de que estaban dispuestos a someterse al arresto. La prueba también tendió a demos-

trar que·el policía, irascible y excitado, a nada prestaba oído, y que cuando Federico Delgado trató de impedir que él utilizara la macana, él sacó su pistola y disparó contra Federico Delgado.   De la evidencia que la corte tenía derecho a creer, se desprende que el acusado no tenía derecho a disparar contra Federico Delgado y que no estaba actuando en defensa propia.

■ El segundo señalamiento alega que la corte erró en la apreciación de la prueba.   Según hemos indicado ya, la corte estuvo justificada en creer que Pedro Irizarry no vió que se cometiera delito alguno y no presenció el lanzamiento de Teodoro Rodríguez sino que basó su actuación únicamente en la queja que le hizo Teodoro Rodríguez.   Asimismo la corte tenía derecho a creer que el apelante sin justificación alguna para ello disparó contra Federico Delgado y lo hirió.   Bajo las circunstancias del testimonio ante la corte, ésta estuvo justificada al creer que Pedro Irizarry no dijo la verdad en la silla testifical.   Por ejemplo, él declaró que no disparó su pistola sino que ésta accidentalmente hizo fuego en la lucha entre Federico Delgado y él, cuando en realidad él había manifestado que se había visto obligado a usar su pistola.   También declaró otros extremos en completa contradicción con las demás declaraciones prestadas por los testigos del gobierno, algunos de ellos no pertenecientes al establecimiento de Swiggett.   Es curioso notar que al principio de su alegato el apelante dice que es innecesario invocar el principio del Código de Enjuiciamiento Criminal que da al policía el derecho a penetrar por la fuerza, toda vez que cuando él solicitó permiso para entrar la puerta le fué abierta personalmente por el señor Swiggett.   En la silla testifical el policía declaró que tuvo que abrirse paso por la puerta parcialmente abierta.

*No hallamos error y la sentencia debe ser confirmada.*