EL PUEBLO DE PUERTO RICO, demandante y apelado *v.* RUPERTO HADDOCK, acusado y apelante.

No. 4743.—*Sometido:* Junio 14, 1932. *Resuelto:* Julio 7, 1932.

*C. Iriarte,* abogado del apelante; *R. A. Gómez, Fiscal,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Ruperto Haddock fué acusado de haber acometido y agredido a Tomás Cortijo Cruz con una pistola, haciéndole dos disparos e hiriendo a dicho Tomás Cortijo Cruz. Los anteriores hechos fueron alegados en la denuncia presentada, que lo fué por el delito de acometimiento y agresión con circunstancias agravantes. Al final de la denuncia aparecían las siguientes palabras: "El agravante que se alega en esta denuncia consiste en que el acusado usó para cometer el delito

una pistola, que es un arma con la cual puede causarse daño corporal.''

El apelante sostiene que las circunstancias agravantes no fueron imputadas suficientemente. Convenimos con el fiscal en que no hay duda en este caso de graves daños corporales, que el apelante por alguna razón discute. La única cuestión es si el delito fué cometido con un arma mortífera en circunstancias que no revisten la intención de matar o mutilar, conforme se provee en el inciso octavo del artículo 6 de la ley definiendo acometimiento y agresión, Leyes de 1904, pág. 48, artículo 5664 de los Estatutos Revisados. El apelante sostiene que las palabras de la denuncia arriba citadas no eran suficientes para demostrar que el arma usada fuera mortífera. Quizá no lo eran. Sin embargo, en el cuerpo de la denuncia aparecía que el acusado cometió el acometimiento y agresión con una pistola, infiriendo una herida. Por consiguiente, aparecía suficientemente que se había utilizado un arma peligrosa o mortífera.

De todos modos, cuando se ha usado una pistola incumbe al acusado demostrar que ésta no fué utilizada en forma ordinaria, como en el caso de *El Pueblo* v. *Dávila,* 23 D.P.R. 337, en que el acometimiento fué cometido con el cabo de un revólver. El uso de un revólver en esa forma sería una cuestión de defensa. Las palabras de la denuncia citadas fueron, por consiguiente, meramente superfluas. En el caso de *El Pueblo* v. *Zambrana,* 18 D.P.R. 758, resolvimos que palabras que trataban de imputar circunstancias agravantes, de no ser suficientes, podían ser consideradas como superfluas y el acusado ser convicto de acometimiento y agresión simple. Igualmente las palabras citadas pueden ser pasadas por alto y confiarse en el cuerpo de la denuncia para demostrar las circunstancias agravantes.

En el caso de *El Pueblo* v. *Olivieri,* 13 D.P.R. 283, resolvimos que una denuncia era suficiente para sentenciar a un acusado de acometimiento y agresión grave cuado la fraseo-

logía de la denuncia revelaba que el delito fué cometido con un arma peligrosa. En el caso de *El Pueblo* v. *Varela*, 25 D.P.R. 394, la corte resolvió que una caracterización impropia del delito no impedía que el acusado fuese convicto si la fraseología del cuerpo de la denuncia era suficientemente clara.

■ Ha sido jurisprudencia constante de esta corte que cuando los hechos alegados en la denuncia demuestran que se usó una pistola, es innecesario alegar que ésta era un arma mortífera. *Pueblo* v. *Albino,* 17 D.P.R. 481; *El Pueblo* v. *Cruz,* 25 D.P.R. 327; *El Pueblo* v. *Lange,* 24 D.P.R. 226.

El apelante alegó que existía alguna confusión en la fraseología de la denuncia de tal suerte que le era difícil saber cuáles eran las circunstancias agravantes. Admitió que pudo solicitar mayor especificación en la corte inferior pero sostuvo que allí carecía de abogado. Naturalmente el hecho de que el acusado dejara de emplear un letrado en la corte inferior no le daba derecho a mayor ventaja en esta corte. No hallamos que la denuncia sea insuficiente.

■ El segundo error señalado por el apelante fué que la sentencia era contraria a la prueba, toda vez que el acusado actuó en defensa propia. Leyendo la prueba no encontramos nada que revele que el acusado tuviera el temor de un hombre prudente de que perdería la vida o sufriría grave daño corporal, y puede que falten otros elementos. Tomando el testimonio del propio acusado, éste negó haber usado la pistola. Con dificultad podría imaginarse un verdadero caso de defensa propia en que el acusado niega el uso del arma con que se sostiene el acometimiento y agresión fué cometido.

Tampoco nos convence el apelante de que la corte inferior no tuviera derecho a no creer cualquier supuesta evidencia tendente a demostrar la defensa propia.

*Debe confirmarse la sentencia.*